PRESTON CORPORATION and Preston Public Service Corporation, Plaintiffs, and Jane Greer Kelly, Defendant, Appellants,

v.

Richard Aubrey RAESE, Defendant, Appellee.

No. 9529.

United States Court of Appeals Fourth Circuit.

July 27, 1964.

William H. Arkin, New York City, and James T. Dailey, Jr., Kingwood, W. Va., for appellants.

James M. Guiher, Clarksburg, W. Va., for appellee.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BRYAN, Circuit Judges.

PER CURIAM.

This record presents a most unusual proliferation of litigation in the wrong court, at the wrong time, on an issue not appealable in any event. We decline to entertain the appeal.

Appellants filed notices of appeal to this court from an order of the United States District Court for the Southern District of Florida (Choate, J.), transferring this case to the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C.A. § 1404(a). Appellees moved to dismiss the appeal.

The original suit was initiated in the Florida court by the appellants through a complaint filed on January 2, 1964, and characterized by the District Judge as "a bill in the nature of interpleader." The following day a temporary injunction was issued against other proceedings between the parties. When the cause came on for a hearing, appellant's motion to amend the complaint was granted and the previously issued temporary injunction was dissolved. No amendment to the complaint was filed, however. Appellees moved the court to transfer the case to the Northern District of West Virginia. This motion was granted on March 31, 1964, and the relevant files and papers were immediately forwarded to the Clerk of that court.

After the order of transfer was passed the appellants applied to the United States Court of Appeals for the Fifth Circuit for a writ of mandamus against the Florida District Court to prevent transfer of the case. This was denied on April 7, 1964. Now pending before the Fifth Circuit is appellants' appeal from the order of the Florida District Court dissolving the temporary injunction. No action has been taken on that

appeal because, according to the appellants, the relevant files and records are presently in the custody of the Clerk of our court.

After the transfer had been effected, no motion for remand to Florida was filed in the Northern District of West Virginia, but appellants moved that court for an order requiring the clerk to prepare and certify to this court certain specified portions of the record. In granting this motion, Judge Paul commented:

"The proposed appellants concede that the order of transfer, itself, is interlocutory and nonappealable, but contend that they are privileged to have the Circuit Court of Appeals review and correct certain expressions of the court (which they call "findings") filed in connection with the order of transfer.

"This court is disposed to grant the motion, not because he feels that the statements and expressions objected to decide or adjudicate anything with the finality requisite to appealability, but rather because the question of appealability may be for the Appellate Court and one over which this court has no jurisdiction. * * * "

The rule is well established that a transfer order is not appealable. Jiffy Lubricator Co. v. Stewart-Warner Corp., 177 F.2d 360 (4th Cir. 1949), cert. denied, 338 U.S. 947, 70 S.Ct. 484, 94 L.Ed. 584 (1950). But even if such an order were appealable the appropriate appellate court would be the Fifth, not the Fourth, Circuit. The attempt here is to appeal to us from an order entered by a District Court not within our territorial jurisdiction. We know of no authority permitting us to entertain such an appeal.

Apparently the true purpose of the appeal is to delete from the order of transfer certain statements alleged to be unsympathetic to the appellants' case. Whatever the merit of the appellants' objections to these statements, an otherwise unappealable order cannot thereby become a proper subject for this appeal.

Appellate courts properly discourage splitting up appeals so that the same case will not be heard twice. But here the situation is further aggravated; we are asked to review a District Judge's observations which would hardly present an appealable issue, in any event; and even if appealable the appeal would not be to this court. Worse still, we are asked to entertain the appeal at a time when an appeal from a related order in the same proceeding is pending before the Fifth Circuit.

We dismiss the appeal and return the relevant files and records to the United States District Court for the Northern District of West Virginia, with directions that, should the Court of Appeals for the Fifth Circuit desire the papers in the consideration of the appeal pending before it, the same may be made available.