374 F.2d 998
 PUREX CORPORATION, Ltd., a California corporation, and
Firemen's Mutual Insurance Company, a Rhode Island
corporation, Plaintiffs-Appellants,
v.
ST. LOUIS NATIONAL STOCKYARDS COMPANY, a Delaware
corporation, Defendant-Appellee.
 No. 15845.
 United States Court of Appeals Seventh Circuit.
 Feb. 8, 1967, Rehearing Denied April 11, 1967.
 
 Lon Hocker, St. Louis, Mo., Hocker, Goodwin & MacGreevy, St. Louis, Mo., of counsel, for appellants.
 John C. Shepherd, Frank X. Cleary, St. Louis, Mo., for appellee.
 Before SCHNACKENBERG, KNOCH and KILEY, Circuit Judges.
 SCHNACKENBERG, Circuit Judge.
 
 
 1
 Purex Corporation, Ltd., a California corporation, and Firemen's Mutual Insurance Company, a Rhode Island corporation, plaintiffs, have appealed from a judgment of the United States District Court for the Eastern District of Illinois, entered in favor of St. Louis National Stockyards Company, a Delaware corporation, defendant, based upon a verdict of a jury.
 
 
 2
 It appears from the record that this proceeding was started by the filing of a complaint in the federal District Court for the Eastern Division of Eastern Judicial District of Missouri, on June 9, 1964, and that on July 2, 1964 defendant moved said court, pursuant to 28 U.S.C.A. 1404(a), to transfer the action to the federal district court at East St. Louis, Illinois, for the convenience of the parties and the witnesses and in the interest of justice, which motion was supported by an affidavit; that the federal court in Missouri by its order of September 8, 1964 directed the transfer as requested. All subsequent proceedings were held in the federal court at East St. Louis, Illinois.
 
 
 3
 This action was brought to recover from defendant damages for its alleged failure to deliver goods manufactured by Purex and stored in a warehouse of defendant, which were destroyed by fire.
 
 
 4
 1. Plaintiffs now argue that they 'were erroneously deprived of the valuable right to which they were entitled under the law, of choosing their own venue, and since the probability is that they were prejudiced as a result of being so deprived, a new trial should be granted, and the cause remanded to the District in which it was filed for retrial.'
 
 
 5
 They add: 'In view of the most unusual and probably unique transfer in this case to a Court House 2 1/2 miles distant, in the teeth of the general rule that a plaintiff's choice of forum should be given great weight, how did it happen that the transfer was made?'
 
 
 6
 Plaintiffs' attack is directed at the action of the district court in St. Louis, which ordered the transfer. However, if the court erred when in entered the transfer order, plaintiffs' remedy was a resort to the Court of Appeals for the Eighth Circuit. We have no jurisdiction to grant relief in this proceeding in respect to plaintiffs' insistence that a federal district court in the eighth circuit 'on an insufficient showing (had) erroneously deprived (them) of their right to select their own venue, in derogation of, and not in vindication of, the interests of justice.'
 
 
 7
 Inasmuch as the complaint of plaintiffs is actually directed against the action of the transferor court which sits in the eighth judicial circuit, and as the record fails to show that plaintiffs made, in the transferee court in Illinois, any motion to retransfer the case to St. Louis, we have no jurisdiction to act extra-territorially in order to adjudicate the question now raised by plaintiff.
 
 
 8
 As was said by the court in Preston Corporation v. Raese, 4 Cir., 335 F.2d 827 (1964), at 828:
 
 
 9
 'The rule is well established that a transfer order is not appealable. Jiffy Lubricator Co. v. Stewart-Warner Corp., 177 F.2d 360 (4th Cir. 1949), cert. denied, 338 U.S. 947, 70 S.Ct. 484, 94 L.Ed 584 (1950). But even if such an order were appealable the appropriate appellate court would be the Fifth, not the Fourth, Circuit. The attempt here is to appeal to us from on order entered by a District Court not within our territorial jurisdiction. We know of no authority permitting us to entertain such an appeal.'
 
 
 10
 It appears to us that the Court of Appeals of the Eighth Circuit has ample jurisdiction, whether by mandamus or other remedy, if not by appeal, to adjudicate the validity of the transfer order. We do not have that jurisdiction.
 
 
 11
 2. Claiming that defendant had never abandoned paragraph 10 of its answer, reading: 'Further answering, this defendant states that the fire mentioned in plaintiffs' second amended complaint was an Act of God. * * *', plaintiffs emphasize that this fire was not an act of God.
 
 
 12
 We hold that the court did not abuse its discretion in refusing to permit plaintiffs' attorney to read the above-quoted language to the jury.
 
 
 13
 3. The court indicated that the jury was not to be informed of the amount of insurance carried by plaintiff Purex, and that, if a judgment were entered upon a verdict, any dispute between Purex and the insurance company plaintiff would be settled by the court.
 
 
 14
 Plaintiffs now contend that defendant's attorney improperly stated before the jury that evidence would show that Purex was covered by insurance and had thereby collected $400,000. However, it appears that the court told the jury that any statement of counsel regarding payment of money by any insurance company was to be disregarded.
 
 
 15
 4. In connection with plaintiffs' exhibit 20, a part of which is an affidavit filed by defendant in support of its motion to transfer (ante 2), plaintiffs argue that, whereas, in securing the order for change of venue, defendant represented to the court at St. Louis that 74 persons (whose names and addresses were stated), were witnesses necessary to the defense of the case, at the trial defendant had produced only about 10 witnesses and told that jury that 'we put on everybody who knew anything about this fire * * *'. From these circumstances it is argued by plaintiffs that one of the representations was wrong. Plaintiffs say that this is an admission and that the exclusion of the affidavit was prejudicial error.
 
 
 16
 Defendant, however, points out that, while the affidavit, listing witnesses and presented with the motion to transfer, contained allegations in regard to the number of witnesses to be called at the trial, it is obvious that, because there were groups of electricians, firemen, and others mentioned, it would actually be necessary to call only a representative number from the entire list and for that reason the contention of plaintiffs that defendants had made an admission which was relevant in this case is not tenable. We agree with the trial court which ruled with the defendant in this matter.
 
 
 17
 Obviously plaintiffs sought to submit to the jury as a question of fact what they characterize as an admission. Defendant's explanation presented a question of fact as to why defendant did not produce at the trial all of the witnesses referred to in the affidavit, but was willing to rely upon a lesser number. The jury obviously accepted defendant's position as correct. We find no error here.
 
 
 18
 5. Plaintiffs in point IV of their brief state:
 
 
 19
 ' A review of the transcript will demonstrate that the defendant sought to try the case to the jury on the implication that Purex was adequately insured, and had been paid the amount of the coverage, and, consequently, that plaintiffs were not entitled to recover.'
 
 
 20
 From our perusal of the record before us in this case we find nothing to support the foregoing statement. We reject it completely.
 
 
 21
 We find nothing else in plaintiffs' brief requiring a ruling or comment from us.
 
 
 22
 For the reasons hereinbefore set forth, the judgment from which this appeal was taken is affirmed.
 
 
 23
 Judgment affirmed.
 
 
 24
 KILEY, Circuit Judge (concurring).
 
 
 25
 I concur. However, I think it is necessary to make brief additions to the court's opinion:
 
 
 26
 In section '2' of the opinion I would set out the complete paragraph 10 of defendant's answer:
 
 
 27
 10. Further answering, this defendant states that the fire mentioned in plaintiffs' second amended complaint was an Act of God and caused by no negligence on the part of this defendant, and further this defendant calls upon plaintiff for strict proof of any negligence on the part of this defendant, and for strict proof of breach of any duty owed by this defendant to plaintiffs herein.
 
 
 28
 and add to the first paragraph in that section the following:
 
 
 29
 And there is no testimony justifying an inference of negligence on defendant's part.
 
 In section '3' of the opinion I would add:
 
 30
 The plaintiffs' attorney told the jury that the Firemen's Mutual Insurance Company was a party plaintiff, and told that court he was willing to have the jury know that 'Firemen's Mutual has subrogated part of the loss.' The plaintiffs' contention is only that they were prejudiced by the defendant's attorney telling the jury the amount of insurance that Purex had collected. As stated herein, the court promptly told the jury to disregard 'any payment of money by any insurance company.'