401 F.2d 764
 Solve E. D'IPPOLITO, Edward A. D'Ippolito, William C. D'Ippolito, John B. D'Ippolito, 3rd, Marie Barry, Estate of Frank D'Orio, Dewey Spadoni, Elsie Masciarella and D'Ippolito Oil Company, a body corporate of the State of Delaware, Plaintiff-Appellees,
v.
AMERICAN OIL COMPANY, a body corporate of the state of Maryland, Atlantic Refining Company, a body corporate of the State of Pennsylvania, California Oil Company, a body corporate of the State of California, Cities Service Company, a body corporate of the State of Delaware, Cities Service Oil Company, a body corporate of the State of Delaware, Gulf Oil Corporation, a body corporate of the State of Pennsylvania, Humble Oil and Refining Company, a body corporate of the State of Delaware, Sinclair Refining Company, a body corporate of the State of Maine, and Sun Oil Company, a body corporate of the State of New Jersey, Defendant-Appellees, and
Texaco, Inc., a body corporate of the State of Delaware, Defendant-Appellant.
 Docket 32728.
 United States Court of Appeals Second Circuit.
 Argued October 7, 1968.
 Decided October 8, 1968.
 
 Before FRIENDLY and ANDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The other defendants in this action for treble damages under the antitrust laws have moved to dismiss for lack of jurisdiction an appeal by defendant Texaco, Inc., from an order of Chief Judge Sugarman in the District Court for the Southern District of New York, transferring the action to the District of New Jersey pursuant to 28 U.S.C. § 1404 (a). Plaintiff supports the motion to dismiss. While we granted the motion in open court, it seems desirable to issue this opinion in the interest of eliminating similar appeals in the future.
 
 
 2
 It is hard to see how any order could be less "final" than one which merely transfers an action for trial from one district to another in the federal judicial system, whether the transferee district is in the same circuit or a different one. Indeed, even an order remanding an action to a state court was held not to be final. Chicago & Alton R.R. Co. v. Wiswall, 90 U.S. (23 Wall.) 507, 23 L.Ed. 103 (1875). Hence it was not surprising that only a year after enactment of § 1404(a), the Fourth Circuit held that an order transferring an action was not appealable even though the transfer was to a district in another circuit, Jiffy Lubricator Co. v. Stewart-Warner Corp., 177 F.2d 360 (4 Cir. 1949) (Parker, J.), and this Court speedily agreed, Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 178 F.2d 866, 868-869 (2 Cir. 1950) (L. Hand, J.).
 
 
 3
 Texaco argues that these decisions have been invalidated, in the very context in which they were written — the granting of a transfer outside the circuit — by later cases indicating that Judge Hand may have been mistaken in assuming, 178 F.2d at 870, that the court of appeals of the transferee circuit could review the propriety of the transfer order. See Preston Corp. v. Raese, 335 F.2d 827 (4 Cir. 1964); Purex Corp. v. St. Louis Nat. Stockyards Co., 374 F.2d 998 (7 Cir.), cert. denied, 389 U.S. 824, 88 S.Ct. 59, 19 L.Ed.2d 77 (1967). Texaco says this inability to secure review in the transferee circuit invokes Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), which it would read as holding that an interlocutory order must be considered as "final" under 28 U.S.C. § 1291 if there will be no effective way to appeal at a later date. Apart from the point that Texaco can move in the District of New Jersey for retransfer and that the cited decisions would not preclude review of a denial of that motion on appeal from a final judgment, the inarticulate premise that Cohen embraces every order that cannot be later reviewed on appeal is a false one — as our recent decision in Donlon Industries, Inc. v. Forte, 402 F.2d 935, shows. If Texaco is right, we were wrong in entertaining petitions for mandamus in Ackert v. Bryan, 299 F.2d 65 (2 Cir. 1962), and in A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439 (2 Cir. 1966), in light of the rule that mandamus will not be considered when an appeal would lie, see Solomon v. Bruchhausen, 305 F.2d 941 (2 Cir. 1962), cert. denied Isbrandtsen Co. v. Maximo, 371 U.S. 951, 83 S.Ct. 506, 9 L.Ed.2d 499 (1963), and the extended and generally negative discussion in the Olinick case of the availability of § 1292(b) as a vehicle for obtaining review of transfer orders, 365 F.2d at 442-443, was wholly unnecessary. Moreover, both the Third Circuit and the Supreme Court would have been wrong in considering Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), as appropriate for mandamus. There is simply no basis for thinking that, despite twenty years of judicial construction that orders under § 1404(a) can be reviewed only by mandamus and then, where the order is within the court's power, on a most restricted basis, one type of order under § 1404(a) has been appealable all along.
 
 
 4
 The motion to dismiss the appeal is granted, with costs.