**UNITED STATES of America**

v.

**Thomas E. GOWER, Appellant.**

**No. 24829.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 16, 1971.

Decided July 25, 1974.

Timothy N. Black, Washington, D. C. (appointed by this Court), for appellant.

Stephen W. Grafman, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., at the time the brief was filed, John A. Terry, and Donald T. Bucklin, Asst. U. S. Attys., at the time the brief was filed, were on the brief, for appellee.

Before FAHY, Senior Circuit Judge, and LEVENTHAL and MacKINNON, Circuit Judges.

PER CURIAM:

This case involved an appeal from a conviction, after trial by the court, of a violation of 22 D.C.Code § 2001(a)(1) for possession and sale of obscene photographs and films.[1] The photographs and film showed nude males and females engaged in explicit sexual intercourse, fellatio, cunnilingus and masturbation. The principal issue on appeal to this court was that the Constitution preclud-

---

1. United States v. Gower, 316 F.Supp. 1390 (D.D.C.1970).

ed punishment for private sales of such materials to a willing adult purchaser.

This court affirmed the conviction without opinion, noting in its *per curiam* judgment:

> [A] constitutional claim based on privacy in the handling of obscene materials, *see* Stanley v. Georgia, 394 U.S. 557 [89 S.Ct. 1243, 22 L.Ed.2d 542] (1969), cannot fairly be advanced by a person, like appellant, engaged in the business of selling hard core pornography to the public, albeit warily and to selected members of the public.[2]

That approach has recently been endorsed by the Supreme Court in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), and companion cases. However, the Supreme Court granted appellant's petition for certiorari, vacated the judgment of this court, and remanded for reconsideration in light of its June, 1973 obscenity decisions. We have received supplemental memoranda from the parties addressing the question of the impact of those decisions on this case.

### I.

 Appellant now argues on remand that the statute under which he was convicted, 22 D.C.Code § 2001(a)(1),[3] does not conform to the constitutional requirement of *Miller, supra,* that "no one will be subject to prosecution for the sale or exposure of obscene materials unless these materials depict or describe patently offensive *'hard core' sexual conduct specifically defined by the regulating state law, as written or construed.*" 413 U.S. at 27, 93 S.Ct. at 216. (emphasis added). The language of the statute nowhere specifies the type of conduct to which *Miller* refers. The question therefore arises whether it may be so limited by the authoritative construction of the District of Columbia Court of Appeals.[4] At present, we have no such authoritative construction.[5] Federal courts are to decide questions of state law not yet decided by the highest state court. In the present case, however, we see no reason to undertake a definite interpretation of § 2001(a)(1), which may have a short life in the light of subsequent D.C.C.A. opinions. It suffices for us to say that we are convinced that the statute will receive a limiting construction that will maintain its application to the facts of this case.

The materials in this case were "[p]atently offensive representations

2. Judgment, December 30, 1971.

3. (a)(1) It shall be unlawful in the District of Columbia for a person knowingly—

(A) to sell, deliver, distribute, or provide, or offer or agree to sell, deliver, distribute, or provide any obscene, indecent, or filthy writing, picture, sound recording, or other article or representation;

(B) to present, direct, act in, or otherwise participate in the preparation or presentation of, any obscene, indecent, or filthy play, dance, motion picture, or other performance;

(C) to pose for, model for, print, record, compose, edit, write, publish, or otherwise participate in preparing for publication, exhibition, or sale, any obscene, indecent, or filthy writing, picture, sound recording, or other article or representation;

(D) to sell, deliver, distribute, or provide, or offer or agree to sell, deliver, distribute or provide any article, thing, or device which is intended for or represented as being for indecent or immoral use;

(E) to create, buy, procure, or possess any matter described in the preceding subparagraphs of this paragraph with intent to disseminate such matter in violation of this subsection;

(F) to advertise or otherwise promote the sale of any matter described in the preceding subparagraphs of this paragraph; or

(G) to advertise or otherwise promote the sale of material represented or held out by such person to be obscene.

4. Cooper v. Goodwin, 155 U.S.App.D.C. 449, 478 F.2d 653, 657 (1973) (Leventhal, J., concurring); M.A.P. v. Ryan, 285 A.2d 310 (D.C.App.1971).

5. In Kaplan v. United States, 311 A.2d 506 (D.C.App.1973) a conviction under § 2001(a)(1), which had been upheld at 277 A.2d 477 (D.C.App.1971), was reaffirmed on remand from the Supreme Court, but the particular issue under discussion was not presented in that case.

. . . of ultimate sexual acts" and "[p]atently offensive representations . . . of masturbation." See *Miller*, 413 U.S. at 25, 93 S.Ct. at 2615.

■ Appellants are entitled to the benefit of any constitutional principle stated in *Miller*, see Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). But we are convinced beyond a reasonable doubt that this case, tried to the court and not to a jury, would have reached exactly the same result if the case had been begun after *Miller* and conducted strictly in accordance with its instruction. We do not have the kind of doubt as to the application of *Miller* which eventuated in our remand order of June 28, 1974, in Huffman & Pryba v. United States, 163 U.S.App.D.C. ——, 502 F.2d 419.

### II.

■ Appellant's original brief in this court contested the validity of the seizure of materials from appellant at the time of arrest. That argument was rejected on the authority of Huffman v. United States, 152 U.S.App.D.C. 238, 470 F.2d 386 (1971). In that opinion, this court held that although failure to hold a hearing prior to issuance of a warrant for seizure of allegedly obscene materials raised First Amendment questions, this would not require exclusion of the material seized for bona fide evidentiary purposes. This view was confirmed by the Supreme Court in Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745 (1973).

Appellant now urges us to find that the holding in Roaden v. Kentucky, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757, requires vacation of the appellant's conviction on count 6 of the indictment. Although there was a warrant authorizing the search of appellant's bookstore, the materials which formed the basis of conviction on count 6 were obtained outside the bookstore when appellant removed them from the trunk of his car. *Roaden* held that a warrantless seizure of sexually explicit films pursuant to an arrest was unreasonable under the Fourth Amendment, particularly in light of First Amendment considerations, and such materials should be governed by normal exclusionary rules.

■ This question is not insubstantial. We do not here decide that appellant would prevail on the issue if we were to reach the merits, for the Government might well be able to demonstrate the necessity of seizing the materials at the time of arrest or never. Because the sentence on count 6 is concurrent with the other sentences, however, this issue need not be reached, following the practice authorized in United States v. Hooper, 139 U.S.App.D.C. 171, 432 F.2d 604 (1970).

The conviction on count 6 will be vacated. The judgment is otherwise affirmed.

So ordered.