**Deborah LINNELL and George H. Linnell, Appellants,**

v.

**Angelyn Alexander SLOAN, Appellee.**

No. 79–1658.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 8, 1980.

Decided Dec. 4, 1980.

Joseph C. Ruddy, Jr., Hyattsville, Md., for appellants.

David P. Durbin, Washington, D.C. (William O. Snead, III, Arlington, Va., on brief), for appellee.

Before WINTER, Circuit Judge, FIELD, Senior Circuit Judge, and ERVIN, Circuit Judge.

WINTER, Circuit Judge:

This appeal concerns the proper choice-of-law rules to be applied when the venue of a civil action is transferred pursuant to 28 U.S.C. § 1404(a) (1976), the federal *forum non conveniens* statute. Deborah and George Linnell, Maryland residents, originally brought this diversity action, arising out of an automobile accident, in the United States District Court for the District of Columbia, the defendant's domicile. Pursuant to § 1404(a), that court transferred the action to the United States District Court for the Eastern District of Virginia. The district court in Virginia ruled that Virginia law would apply, and, applying Virginia law, dismissed two of the Linnells' claims. The Linnells appeal, asserting that the district court should have applied the choice-of-law rules of the District of Columbia, the original forum, and tried the case under Maryland law. We agree. We reverse the judgment and remand the case for a new trial.

## I.

On November 6, 1976, an automobile driven by Angelyn Sloan struck the rear end of the Linnells' automobile at an intersection in Fairfax County, Virginia, damaging the car and injuring Deborah Linnnell. On November 5, 1978, the Linnells sued Ms. Sloan in the United States District Court for the District of Columbia under its diversity jurisdiction to recover for loss of Deborah Linnell's past, present and future wages, her personal injuries, including past and future pain and mental anguish, damage to the automobile, George Linnell's loss of wages while he cared for his wife, and loss of consortium on the part of both plaintiffs. Pursuant to 28 U.S.C. § 1404(a), Ms. Sloan moved to transfer the action to the Eastern District of Virginia. The District of Colum-

bia court agreed that the Eastern District of Virginia represented the more convenient forum for the parties and witnesses, and transferred the action on March 30, 1979. Ms. Sloan then moved for an extension of time to file her answer to the complaint, but the district court for the Eastern District of Virginia denied an extension and entered a default judgment on liability in favor of the Linnells on June 22, 1979.

A jury trial, limited to issues of damages, was held on September 10, 1979. Before trial the district judge ruled that the law of Virginia would apply to the case. He summarily dismissed George Linnell's claim for loss of consortium, and after hearing the evidence he also dismissed Deborah Linnell's claim of loss of future earnings as too speculative. The jury found that Deborah Linnell had suffered no damages arising from the remainder of her claims. Judgment on the question of damages was entered for Ms. Sloan.

## II.

On the issue of damages, the district court applied the law of Virginia to the case. Ms. Sloan contends that the Linnells did not adequately object to this ruling of the court, but we think that the record reflects otherwise.

The accident occurred in Virginia, and under traditional conflict principles, the governing law of the case would be the *lex loci delicti*, the law of the place of the wrong. The Linnells originally brought this action, however, in the District of Columbia. The District of Columbia has abandoned traditional conflict of laws analysis in favor of "governmental interest analysis." *Williams v. Williams*, 390 A.2d 4, 5 (D.C. 1978); *Mazza v. Mazza*, 475 F.2d 385, 388 (D.C. Cir. 1973); *Blair v. Prudential Insurance Co.*, 472 F.2d 1356, 1359 (D.C. Cir. 1972). Even though the action was transferred to the Eastern District of Virginia, it is settled that the choice-of-law rules of the original forum continue to apply. *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *Kline v. Wheels by*

*Kinney, Inc.*, 464 F.2d 184 (4 Cir. 1972). The district court should therefore have applied the law a District of Columbia court would have applied to the case.

Under governmental interest analysis, Virginia has very little interest in the case, except insofar as it would wish to see Ms. Sloan punished for her negligent conduct on its highways. The District of Columbia has an interest in protecting its resident, Ms. Sloan, from extensive liability. Maryland has a strong interest in seeing that its injured residents, the Linnells, are compensated for wrongs done to them, no matter where.

■ Before trial, the district court dismissed George Linnell's claim for loss of consortium. Under District of Columbia law, he clearly could maintain the claim. *See Hitaffer v. Argonne Co.*, 183 F.2d 811 (D.C. Cir.), *cert. denied*, 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624 (1950). Under Maryland law, the Linnells could maintain a joint cause of action for their mutual loss of consortium. *Deems v. Western Maryland Railway Co.*, 247 Md. 95, 231 A.2d 514 (1967). Using governmental interest analysis, the District of Columbia would apply Maryland law. The conflict of laws, if any, is weak. Maryland has the stronger interest in the welfare of its married residents, and no District of Columbia interest would be served in keeping the claims independent instead of joint. There was therefore error in the district court's refusal to submit the Linnells' joint claim for loss of consortium to the jury because disposition of the issue is governed by Maryland law.

■ The district court also dismissed Deborah Linnell's claim for loss of prospective earnings. She was asserting that part of her loss resulted from the delay in her eventual employment as a police officer, but the district court ruled that this loss of future earnings was too speculative to permit recovery. Maryland, however, permits recovery for loss of potential earnings. *Ihrie v. Anthony*, 205 Md. 296, 107 A.2d 104, 107–08 (1954). The District of Columbia is in accord. *McDermott v. Severe*, 25 App. D.C. 276, 290 (1905), *aff'd* 202 U.S. 600, 26 S.Ct. 709, 50 L.Ed. 1162 (1906). *Ihrie* and *McDermott* reflect the permissiveness of Maryland and the District of Columbia in allowing the jury to decide questions of loss of potential earnings. No conflict exists between the laws of the two jurisdictions. It follows, we think, that there was also reversible error in the district court's refusal to submit this issue to the jury under Maryland and District of Columbia law.

### III.

■ Finally, the Linnells contend that the original transfer of venue from the District of Columbia to the Eastern District of Virginia represented an abuse of the district court's discretion. They seek to have us remand the case to the District of Columbia. We lack jurisdiction to decide this point. *Preston Corp. v. Raese*, 335 F.2d 827 (4 Cir. 1964). Under the prevailing view among the circuits, the Linnells should have moved for retransfer of their action in the Eastern District of Virginia, the transferee district court, in order to vest us with jurisdiction to pass on their contention. *Purex Corp. v. St. Louis National Stockyards Co.*, 374 F.2d 998, 1000 (7 Cir. 1967); *see* 15 C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 3846 at 230 (1976).

In summary, the district court erred in applying the law of Virginia to this case. Under the choice–of–law rules of the District of Columbia, the original forum of the action, Maryland law should have governed the claims dismissed by the district court, loss of consortium and loss of potential earnings. In light of these conclusions we need not consider the Linnells' other arguments. We reverse the judgment and remand the case for retrial with instructions to submit these two claims to the jury.

REVERSED AND REMANDED.