Patricia Ann FELCH and David L. Frank, Plaintiffs,

v.

AIR FLORIDA, INC., the Boeing Company, and American Airlines, Inc., Defendants.

Civ. A. No. 82–0399.
MDL No. 499.
Misc. No. 82–0055.

United States District Court, District of Columbia.

April 22, 1983.

See also, D.C., 559 F.Supp. 333.

Joseph Montedonico, Donahue, Ehrmantraut & Montedonico, Rockville, Md., for plaintiffs.

George N. Tompkins, Jr., Moffett B. Roller, Condon & Forsyth, Washington, D.C., for defendant Air Florida.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

This matter is before the Court upon the motion of defendant Air Florida, Inc. to dismiss the claim of the male plaintiff for loss of consortium on the ground that since the plaintiffs were not yet married at the time the female plaintiff was injured, such a claim is not cognizable under relevant law. The female plaintiff was injured in the crash of an airplane in Washington, D.C. on January 13, 1982. She was a passenger aboard the airplane; after its crash into the 14th Street Bridge (which spans the Potomac River) she was rescued and survived, with injuries. She has sued the defendants for such injuries, and her husband seeks relief for damage to his "right to enjoy the love, services, and affection of his wife." For the reasons which follow, the motion shall be granted and the claim of the male plaintiff shall be dismissed.

This evidently is a question of first impression in this jurisdiction. Nonetheless, issues concerning the rights of unmarried cohabitants, including the right to maintain a consortium action, have received increasing judicial attention in recent years and no doubt will continue to do so. *See generally, Marvin v. Marvin,* 18 Cal.3d 660, 683, 557 P.2d 106, 134 Cal.Rptr. 815 (1976)

(noting "pervasiveness" and "social acceptance" of nonmarital relationships). Indeed, census data shows that the number of unmarried cohabitants has increased greatly over the past two decades, "representing," according to one commentator, "a trend which is likely to continue." Meade, *Consortium Rights of the Unmarried: Time for a Reappraisal,* 15 Fam.L.Q. 223, 224 (1981). Plaintiffs ask this Court to follow the recent authority from other jurisdictions which have allowed a spouse to maintain a consortium claim for injuries to the spouse suffered before marriage. Whatever wisdom and logic there might be in allowing such a cause of action, however, this Court is not free to fashion new theories of relief, but is bound by what the highest state court in the relevant jurisdiction would rule, were this claim before that tribunal. *See generally Steorts v. American Airlines, Inc.,* 647 F.2d 194, 196–97 (D.C.Cir.1981); *United States v. Gower,* 503 F.2d 189, 191 (D.C.Cir.1974); *see also Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Plaintiffs have lived together since November, 1980. Memorandum in Support of Motion for Leave to File Second Amended Complaint, at 3. During this entire time they have resided in the Commonwealth of Virginia. Plaintiff's Answer 2(b) to First Interrogatories of Defendant Boeing Co. In April, 1981, plaintiffs purchased, jointly, the home in which they since have lived. Memorandum in Support of Motion for Leave to File Second Amended Complaint, at 3. They were formally engaged in June, 1981, and in December, 1981, set the date for their wedding. *Id.* They were married on May 15, 1982, as they had planned. *Id.*

To the extent that this can be analogized to a typical consortium claim, it presents a choice of law question in that two jurisdictions are potentially interested: the District of Columbia (the site of the wrong to the female plaintiff) and the Commonwealth of Virginia (the plaintiffs' domicile and, accordingly, the domicile of the relationship upon which the consortium claim is founded). *Linnell v. Sloan,* 636 F.2d 65, 67 (4th Cir.1980) (applying District of Columbia choice of law rules); *Miller v. Holiday Inns, Inc.,* 436 F.Supp. 460, 462 (E.D.Va.1977); *Card v. American Brands Corp.,* 401 F.Supp. 1186, 1188 (S.D.N.Y. 1975); *Brookley v. Ranson,* 376 F.Supp. 195, 198 (N.D.Iowa 1974); *McVickers v. Chesapeake & O. Ry. Co.,* 194 F.Supp. 848, 848–49 (E.D.Mich.1961). Where there is a conflict among the laws of the potentially interested jurisdictions, the choice of law principles of the District of Columbia (in accordance with the Restatement, Second, of the Law of Conflict of Laws) provide that the law governing the claim will be the law of the state with the most significant relationship to the matters at issue. *Hitchcock v. United States,* 665 F.2d 354, 360–61 (D.C.Cir. 1981); *In Re Air Crash Disaster at Washington, D.C. on January 13, 1982,* 559 F.Supp. 333, 337 (D.D.C.1983) (Memorandum Opinion on law governing consolidated trial).

Neither jurisdiction has yet allowed a consortium action by a person not married to the injured party at the time of injury. As such, the Court will determine whether the laws of the two jurisdictions that would govern this action are in conflict by examining their laws controlling typical consortium claims. This is appropriate since plaintiff does not assert a different cause of action or seek a different remedy; he only asks that the loss of consortium law be extended to apply to his circumstances.

The laws are in conflict. The District of Columbia recognizes the right of the spouse of an injured person to maintain an independent suit for damages for loss of consortium. *See, e.g. Hitaffer v. Argonne Co.,* 183 F.2d 811 (D.C.Cir.), *cert. denied,* 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624 (1950). In Virginia, however, the husband of an injured woman does not have that right. The Virginia Code provides that:

In an action by a married woman to recover for a personal injury inflicted on her she may recover the entire damage sustained including the personal injury and expenses arising out of the injury, whether chargeable to her or her hus-

band, notwithstanding the husband may be entitled to the benefit of her services about domestic affairs and consortium ... and no action for such injury, expenses or loss of services or consortium shall be maintained by the husband.

Va.Code § 55–36 (Michie 1981). The Court of Appeals for the Fourth Circuit construed this section to mean that "[w]hen the wife is injured negligently, the husband in Virginia has no right, directly or indirectly, to recover for his loss of his wife's companionship and affection; neither has the wife the right to recover for loss of her own consortium." *Carey v. Foster,* 345 F.2d 772, 776 (4th Cir.1965). The U.S. District Court for the Eastern District of Virginia as recently as 1977 followed this interpretation of Section 55–36. *Miller v. Holiday Inns, Inc.,* 436 F.Supp. 460, 461–62 (E.D.Va.1977).

Courts in jurisdictions following the governmental interest analysis choice of law principle have typically ruled that an action for loss of consortium is governed by the law of the state where the marriage is domiciled rather than that of the state where the wrong occurred. In *Card v. American Brands Corp.,* 401 F.Supp. 1186, 1188 (S.D.N.Y.1975), the plaintiff's wife was injured in an automobile accident in Virginia. He and his wife were residents of Oregon. The court, evidently employing New York's interest analysis rule, ruled that Oregon law would govern his cause of action. The court stated that "Oregon, the state of the marital domicile, is more properly the state whose law governs the substantive claim of the husband for loss of his wife's consortium. The claimed injury is to the marriage—an incident of Oregon." 401 F.Supp. at 1188 (citations omitted). *See also Brookley v. Ranson,* 376 F.Supp. 195, 198 (N.D.Iowa 1974) (noting that Iowa courts, under interest analysis, have ruled that in consortium actions "the law of the marital domicile ordinarily prevails" [citation omitted] ).

The Fourth Circuit recently ruled that under the District of Columbia choice of law rules, the law of the state of marital domicile rather than the law of the state where the wrong occurred should control a loss of consortium action. *Linnell v. Sloan,* 636 F.2d 65 (4th Cir.1980) was an action brought by a married couple residing in Maryland for damages arising from an automobile accident which took place in Virginia. As the action was filed in the District of Columbia before it was transferred to the Eastern District of Virginia, the Court of Appeals ruled that District of Columbia choice of law principles should apply. Under those rules, the court determined that Virginia had "very little interest in the case" except to the extent that it would wish to punish the defendant for negligent conduct on its highways. 636 F.2d at 67. The District of Columbia's interest was limited to its concern that the defendant, a resident of the District, would be protected from excessive liability. *Id.* Maryland would have a "strong interest in seeing that its injured residents ... are compensated for wrongs done to them, no matter where." *Id.* Among these jurisdictions, the court determined that the state with the greatest interest in the resolution of the consortium claim was Maryland. Noting that Maryland law and District of Columbia law only differed in that Maryland would allow the couple to maintain a joint cause of action for their mutual loss, the court concluded that "Maryland has the stronger interest in the welfare of its married residents, and no District of Columbia interest would be served in keeping the claims separate instead of joint." *Id.*

The District of Columbia's interest in the instant matter is approximately equivalent to Virginia's interest in the claim in *Linnell.* The District does have a strong interest in punishment and deterrence of wrongful conduct causing harm to the plaintiffs within its borders. *See Air Crash at Washington,* 559 F.Supp. at 349–351, 355–356, 358.[1] However, it has little, if

1. The aircraft in which the female plaintiff was a passenger departed from Washington National Airport in Virginia and crossed the District

of Columbia-Virginia line several times before crashing just within the boundaries of the District. Accordingly, Virginia shares with the

not no, interest in the marital (or pre-marital) relationship of Virginia residents. Virginia, by contrast, is extremely interested in the welfare of its married residents. As between these two interests, the latter is of course most relevant to a loss of consortium claim. Accordingly, Virginia law should govern this cause of action. Since Virginia does not permit a loss of consortium action for injuries sustained after marriage, *a fortiori* it would not permit such an action for premarital torts.

Even were it the case that District of Columbia law could be properly applied to this claim, plaintiff's cause of action would have to be dismissed. First, it is unclear whether the District of Columbia courts would allow a premarital loss of consortium claim.[2] Second, and more importantly, to permit such a cause of action would offend Virginia statutes intended to prohibit premarital cohabitation. Va.Code §§ 18.2–344, –345 (Michie 1982). As the basis for the male plaintiff's claim here, the plaintiffs allege continuous cohabitation since 1980. Courts considering whether to allow a cause of action for premarital loss of consortium have suggested that since consortium includes such interests as society, companionship, and sexual relations, at the minimum, such a claim would require that the couple live together in a relationship involving all of these elements between them. *See Butcher v. Superior Court,* 139 Cal.App.3d 58, 188 Cal.Rptr. 503, 512 (1983). Such a relationship in Virginia might well be in violation of the above-cited sections of the Virginia Code, provisions which, archaic though they might be, nonetheless represent the Virginia legislature's expression of that Commonwealth's public policy of encouraging and fostering marriage. *See also Nieto v. City of Los Angeles,* 138 Cal. App.3d 464, 188 Cal.Rptr. 31 (Cal.App.1982) (statutory provisions treating married couples differently from unmarried cohabitants do not violate equal protection but serve state's substantial interest in promoting and protecting marriage).

Consistent with the foregoing, it is, by the Court, this 21st day of April, 1983,

ORDERED, that the motion of defendant Air Florida, Inc. to dismiss the claim of plaintiff David L. Frank shall be and hereby is granted.

---

District of Columbia this interest of ensuring safe operation of aircraft within and near its borders. *Air Crash at Washington,* at 355–356.

**2.** Plaintiff cites no District of Columbia authority in support of his argument. He cites two cases from other federal district courts in which such a cause of action was allowed, but in each case the decision was based upon what a state court would have ruled. *Bulloch v. United States,* 487 F.Supp. 1078, 1087 (D.N.J. 1980) (court "conclude[d] that the New Jersey courts would permit" such relief); *Sutherland v. Auch Inter-Borough Transit Co.,* 366 F.Supp. 127, 134 ("we are of the opinion that the Supreme Court of Pennsylvania" would allow the cause of action). Moreover, subsequent state court decisions have rejected *Bulloch* and *Sutherland. Leonardis v. Morton Chemical Co.,* 184 N.J.Super. 10, 445 A.2d 45, 46 (App.Div.1982); *Childers v. Shannon,* 183 N.J.Super. 591, 444 A.2d 1141, 1142 (Law Div.1982); *Rockwell v. Liston,* 71 Pa.D. & C.2d 756 (Common Pleas 1975), cited in Annot., 5 A.L.R.4th 300, 302 (1981).