21 F.3d 423
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Decarlos McCULLOUGH, Personal representative for the Estate
of Ricardo Ford also known as Evelyn Christian,
Plaintiff-Appellant,
v.
Carl Everette McPHERSON; Christine Ann Patton, Defendants-Appellees.
 No. 93-1721.
 United States Court of Appeals, Fourth Circuit.
 Argued: February 7, 1994.
Decided: April 8, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-91-1823-Y)
 Richard Doughlas Albright, Albright & Albright, Washington, D.C., for Appellant.
 James Sullivan, Sullivan & Talbott, Rockville, Maryland, for Appellee.
 D.Md.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and HALL and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 On September 27, 1987, returning from a weekend of duty in the Army Reserves, Ricardo Ford was struck and killed by an automobile while waiting for his ride near an expressway entrance ramp in Columbia, Maryland. The driver, Carl McPherson, had a bloodalcohol content of .07%.[1] McPherson had borrowed the car from his friend, Christine Patton, to use for the weekend.
 
 
 2
 DeCarlos McCullough is the administrator of Ford's estate. On September 25, 1990, he and Evelyn Christian[2] sued McPherson and Patton in the District Court for the District of Columbia. That court eventually dismissed the claims against McPherson for lack of service of process. In the same order dismissing McPherson, the D.C. court transferred the case against Patton to the District of Maryland, wherein she resides.
 
 
 3
 The case proceeded to trial in Maryland on agency and negligent entrustment theories of liability. The plaintiffs called Patton as their sole witness. She testified that (1) she met McPherson at work in late 1986; (2) they went out to dinner about once a month; (3) McPherson usually drove; (4) he generally had exactly one beer with his meal; (5) he lived in a townhouse with other persons; (6) Patton had, on occasion, seen beer in the townhouse refrigerator; (7) she bought a new Toyota MR2 sports car in early 1987; (8) she lent the car to McPherson twice during the next six months; (9) she lent him the car for a third time to use during the weekend that the accident occurred; and (10) she did not tell him that he should not drive her car after he had been drinking.
 
 
 4
 Following a short cross-examination, the court granted Patton's motion for judgment as a matter of law under Fed.R.Civ.P. 50(a) on both claims. The plaintiffs appeal the court's decision. They also purport to appeal the order of the D.C. district court dismissing McPherson and transferring the case. We address the latter issue first.
 
 I.
 
 5
 We cannot review an order entered by a district court not within our territorial jurisdiction. Preston Corporation v. Raese, 335 F.2d 827, 828 (4th Cir.1964) (per curiam); see also 28 U.S.C. Sec. 1294(1) (West 1993) (appeals shall be taken "[f]rom a district court ... to the court of appeals for the circuit embracing the district"). Therefore we must dismiss that portion of the appeal seeking to reverse the order entered by the District Court for the District of Columbia.
 
 
 6
 Had the plaintiffs moved in the District of Maryland to retransfer the case, we would have had jurisdiction to hear an appeal of an order denying such a motion. See Linnell v. Sloan, 636 F.2d 65, 67 (4th Cir.1980). Alternatively, the plaintiffs could have sought a writ of mandamus from the D.C. Circuit to compel its district court to retain jurisdiction over the case. See Starnes v. McGuire, 512 F.2d 918 (D.C.Cir.1974) (en banc).
 
 II.
 
 7
 We must affirm the district court's grant of Patton's motion for judgment as a matter of law under Rule 50(a) if, based upon the evidence presented in the plaintiffs' case-in-chief, no reasonable jury could have found that Patton negligently entrusted her car to McPher son, or that McPherson was acting as Patton's agent at the time of the accident. We see no error in the district court's ruling.
 
 
 8
 The plaintiffs have cited no sufficiently analogous case in Maryland, or anywhere else, that would support a verdict against Patton on either theory of liability. Patton did not lend her car to McPherson to serve her own purposes; she did it as a favor because McPherson's car was being repaired. There was no evidence that McPherson was intoxicated when he picked up the car or even that he habitually became intoxicated, and no evidence to support an inference that Patton knew or should have known that McPherson would drink during the course of the weekend and then attempt to drive. There was not even conclusive evidence that McPherson was driving under the influence, see note 1, supra. Given these facts and the current state of the law, we conclude that no reasonable jury could have found for the plaintiffs.[3]
 
 
 9
 The judgment of the district court is affirmed.
 
 
 
 [1]
 At the time of the accident, a blood-alcohol content of more than .05% but less than .08% did not give rise to any presumption that a defendant in a criminal proceeding was or was not driving under the influence of alcohol. Md. Courts and Judicial Proceedings Code Ann. Sec. 10-307 (1989). In 1988, the statute was amended to make a bloodalcohol content of .07% or more prima facie evidence of driving under the influence
 
 
 [2]
 Christian was Ford's aunt. Md. Courts and Judicial Proceedings Code Ann. Sec. 3-904(b) (1989) provides that, where the decedent has no immediate family, a wrongful death action can be maintained by a "secondary beneficiary," defined as "any person related to the deceased person by blood or marriage who was wholly dependent upon the deceased."
 
 
 [3]
 In their brief (and again at oral argument), the appellants presented a creative argument in support of their claim of negligent entrustment. Md. Transportation Ann.Code Sec. 21-903 (1992) provides that "[a] person may not consume an alcoholic beverage while driving a motor vehicle on a highway of this State." This statute is plainly intended to prohibit the hand-to-mouth consumption of such beverages while behind the wheel. However, the appellants contend that the meaning of the word "consume" can be expanded to read the statute as prohibiting driving while the body metabolizes alcohol that had been ingested prior to driving. Because Patton had, on the occasions that they went out to dinner together, seen McPherson "violate the law" by driving home while his body "consumed" the beer he had drunk, she should have been put on notice, the argument goes, that McPherson was in the habit of violating the law while driving and she should not, therefore, have trusted him with her car. Upon considering this argument, we find it wholly without merit