39 F.3d 1179
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
L. Virginia VENTRE, Plaintiff-Appellant,
v.
Roger W. JOHNSON, Defendant-Appellee.
 No. 93-2535.
 United States Court of Appeals, Fourth Circuit.
 Argued September 28, 1994.
Decided October 28, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Barry R. Poretz, Magistrate Judge. (CA-93-609-A)
 ARGUED: Louis Ventre, Jr., Alexandria, VA, for Appellant.
 ARGUED: Rachel Celia Ballow, Asst. U.S. Atty., Alexandria, VA. ON BRIEF: Helen F. Fahey, U.S. Atty., Larry Lee Gregg, Asst. U.S. Atty., Alexandria, VA, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before NIEMEYER and LUTTIG, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Virginia Ventre filed this Title VII action in the United States District Court for the District of Columbia in March 1992, alleging that her supervisor at the General Services Administration, William Albee, had improperly denied her a promotion on account of her sex. In her complaint, Ventre requested, inter alia, compensatory damages and a jury trial, pursuant to Sec. 102 of the Civil Rights Act of 1991 ("the Act"). The district court dismissed her claim for compensatory damages, and struck her demand for a jury trial, "because the acts complained of occurred before November 21, 1991," the effective date of the Civil Rights Act of 1991. J.A. at 125. The district court in the District of Columbia later granted the defendant's 28 U.S.C. Sec. 1404 motion to transfer the case to the United States District Court for the Eastern District of Virginia. Id. at 154-56. A magistrate judge in the Eastern District subsequently dismissed the remainder of Ventre's action. Id. at 158.
 
 
 2
 Ventre raises two issues on appeal. She first challenges the transfer order entered by the federal district court in the District of Columbia. It is well-settled that we are without jurisdiction to review a transfer order entered by a district court in another circuit. See, e.g., Brock v. Entre Computer Centers, Inc., 933 F.2d 1253, 1257 (4th Cir.1991); Linnell v. Sloan, 636 F.2d 65, 67 (4th Cir.1980); Preston Corp. v. Raese, 335 F.2d 827, 828 (4th Cir.1964).
 
 
 3
 Ventre also contends that Sec. 102 of the Civil Rights Act of 1991 applies to cases such as hers, which challenge conduct occurring before the effective date of the Act but were filed after the effective date. In Landgraf v. USI Film Products, 114 S.Ct. 1483, 1508 (1994), the Supreme Court held that Sec. 102 does not apply "to cases arising before its enactment." Ventre argues that Landgraf bars retroactive application of the Act only to those cases pending when the Act became effective. We find no evidence that the Court's holding was so limited. Because Sec. 102 does not apply retroactively, and the conduct giving rise to Ventre's complaint occurred before the effective date of the Act, the district court properly dismissed Ventre's requests for compensatory damages and a jury trial.
 
 CONCLUSION
 
 4
 For the reasons stated herein, we affirm the judgment of the district court.
 
 AFFIRMED