**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4426**

_____

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

GARY IVAN TERRY,

                              Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr.,
Chief District Judge.  (CR-03-299)

_____

Submitted:  March 24, 2006          Decided:  April 28, 2006

_____

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Lisa S. Costner, Winston-Salem, North Carolina, for Appellant.
Anna Mills Wagoner, United States Attorney, Lisa Blue Boggs,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Gary Ivan Terry appeals from the district court's order revoking his supervised release and reimposing a thirty-two-month term of supervised release, with the condition that he serve four months in a community corrections center. Terry contends that the district court erred in finding that he violated the terms of his supervision. We affirm.

We review the district court's decision to revoke a defendant's supervised release for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2005). Here, the district court found that Terry violated the terms of his supervised release by failing to report for scheduled appointments with his probation officer and failing to work regularly, as directed by the terms of his supervision and explained by his probation officer.

While Terry asserted that he was not informed of a number of appointments, and he was not aware that he was required to work thirty-five to forty hours per week, the district court found the testimony of Terry's probation officer and his former employer credible. The district court apparently weighed the contradictory testimony and decided to credit the probation officer's version. It is not the province of this court to second-guess the

credibility determinations of the factfinder. <u>United States v. Saunders</u>, 886 F.2d 56, 60 (4th Cir. 1989). In light of the district court's findings that Terry violated his supervised release, we find no abuse of discretion by the court in revoking Terry's supervised release and imposing an additional term of supervision. <u>See</u> <u>United States v. Davis</u>, 53 F.3d 638, 642-43 (4th Cir. 1995); <u>Copley</u>, 978 F.2d at 831 (finding no abuse of discretion in revocation where preponderance of evidence supported finding of violation). Accordingly, we affirm the district court's revocation of Terry's supervised release.

Terry has also filed a motion requesting that this court reconsider a prior order denying his motion for substitution of counsel. Principally, he complains that, despite his requests, his attorney refused to raise in this appeal issues concerning the validity of his guilty plea entered in the United States District Court for the Western District of Missouri to the underlying criminal charges. Terry contends that his plea to the underlying offense was not knowing and voluntary and that it was taken by a magistrate judge, rather than a district court judge, without his consent, in violation of our holding in <u>United States v. Osborne</u>, 345 F.3d 281, 288 (4th Cir. 2003) (holding that, if parties consent, magistrate judge may conduct plea hearings pursuant to "additional duties" clause of 28 U.S.C. § 636(b)(3) (2000)).

We conclude that Terry's appointed counsel accurately assessed that the issues he wanted her to raise on his behalf are wholly lacking in merit. Contrary to Terry's apparent view, this appeal does not provide a forum in which he can mount a challenge to the validity of his underlying criminal conviction. Rather, this court's jurisdiction is limited to review of the district court's order of June 23, 2004, revoking his supervised release. See Preston Corp. v. Raese, 335 F.2d 827, 828 (4th Cir. 1964) (holding that court of appeals has no authority to entertain appeal from order entered by district court not within territorial jurisdiction of court of appeals); 28 U.S.C. §§ 41, 1294 (2000) (noting that appeals shall be taken to the court of appeals embracing the geographic location of the district court); see also Fed. R. App. P. 4(a) (stating time in which appeal must be noted); Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960), and providing that appeal period is "mandatory and jurisdictional").

Because there is no merit to the basis upon which Terry seeks substitution of counsel, we deny his motion to reconsider the denial of his motion for substitution. We deny as moot Terry's motion and supplemental motion for a stay of his sentence pending appeal, and we deny his motion to stay proceedings in the district court pending appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED