UNITED STATES of America, Appellee,

v.

Craig O. COPLEY, Appellant.

No. 93–1739.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 17, 1994.

Decided May 31, 1994.

Rehearing Denied July 7, 1994.

Michelle K. Nahon, Springfield, MO, argued, for appellant.

Cynthia Jean Hyde, Asst. U.S. Atty., Springfield, MO, argued, for appellee.

Before BOWMAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

HANSEN, Circuit Judge.

Craig O. Copley appeals the district court's order revoking his conditional release from civil commitment. *See* 18 U.S.C. § 4246(f). We conclude that the district court lacked jurisdiction, and we remand to the district court with instructions to transfer the case to the United States District Court for the Eastern District of North Carolina.

In 1988, Copley was indicted in the United States District Court for the Northern District of New York. He was charged with two counts of mailing threatening communications to the President and one count of threatening the life of the President. After psychiatric treatment at the Federal Correctional Institution at Butner, North Carolina (FCI Butner), Copley was found competent to stand trial. It was determined, however, that at the time of the alleged offenses, Copley was unable to appreciate the nature or wrongfulness of his actions. It also was determined that Copley's release would present a substantial threat to others. Thus, the warden at FCI Butner filed a certificate with the United States District Court for the Eastern District of North Carolina requesting that Copley be civilly committed pursuant to 18 U.S.C. § 4246(a), and the government dismissed the criminal indictment pending in New York. After a hearing, the North Carolina district court committed Copley to the custody of the Attorney General, and Copley was assigned to the Medical Center for Federal Prisoners at Springfield, Missouri (MCFP Springfield). Copley appealed, arguing that the North Carolina district court lacked jurisdiction to commit him, but the United States Court of Appeals for the Fourth Circuit affirmed. *See United States v. Copley*, 935 F.2d 669, 671–72 (4th Cir. 1991).

In August 1992, the warden at MCFP Springfield filed with the North Carolina district court a certificate of conditional release pursuant to 18 U.S.C. § 4246(e). The court released Copley subject to several conditions, including the conditions that he take his prescribed medication and that he avoid alcohol. Two months later, however, revocation proceedings were initiated in the North Carolina district court pursuant to 18 U.S.C. § 4246(f) because Copley's probation officer reported that Copley had refused to take his prescribed medication and had possessed alcohol. After Copley was arrested in California by order of the North Carolina district court, he was taken to MCFP Springfield. The government moved to transfer the case from the North Carolina district court to the United States District Court for the Western District of Missouri. The North Carolina district court granted the motion, finding that "it would be more convenient for the parties and in the best interest of the parties" to have Copley's case transferred to Missouri "where [Copley] has most recently been treated and will most likely be designated if his conditional release is revoked." (App. at 9.) Copley asked the Missouri district court to retransfer the revocation proceeding to the North Carolina district court. The Missouri district court, however, referred the case to a magistrate judge for an evidentiary hearing, at which Copley formally moved to retransfer the revocation proceeding. After reviewing the magistrate judge's recommendations and without explicitly ruling on Copley's retransfer motion, the Missouri district court revoked Copley's con-

ditional release. With the assistance of court-appointed counsel, Copley appeals.

■ We lack jurisdiction to consider Copley's first argument, which concerns the North Carolina district court's decision to transfer this case to the Missouri district court. *See Technitrol, Inc. v. McManus,* 405 F.2d 84, 87 (8th Cir.1968) ("we have grave doubt whether we have any right to review the validity of a transfer order made by a federal District Court outside the circuit"), *cert. denied,* 394 U.S. 997, 89 S.Ct. 1591, 22 L.Ed.2d 775 (1969); *see also Brock v. Entre Computer Ctrs., Inc.,* 933 F.2d 1253, 1257 (4th Cir.1991); *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.,* 689 F.2d 982, 985–86 (11th Cir.1982). Nevertheless, we can review the Missouri district court's implicit denial of Copley's motion to retransfer the revocation proceeding. *See Linnell v. Sloan,* 636 F.2d 65, 67 (4th Cir. 1980).

■ The statute providing for revocation of Copley's conditional release provides, in part:

The director of a medical facility responsible for administering a regimen imposed on a person conditionally discharged under subsection (e) shall notify the Attorney General and *the court having jurisdiction over the person* of any failure of the person to comply with the regimen. Upon such notice [and arrest, the person] shall be taken without unnecessary delay before *the court having jurisdiction over him.* The court shall, after a hearing, determine whether the person should be remanded to a suitable facility....

18 U.S.C. § 4246(f) (emphasis added). Copley had been committed and released pursuant to orders of the North Carolina district court. Thus, it is clear that jurisdiction was proper in the Eastern District of North Carolina. Although the legislative history indicates that jurisdiction is proper only in the court having jurisdiction over "the case," *see* S.Rep. No. 225, 98th Cong., 2d Sess., 1984 U.S.C.C.A.N. 3182, 3435, it could be argued from the words used in the statute that jurisdiction also is proper in any court that may, at the time proper notice is given to it that a conditionally released person has failed to comply with his or her regimen, properly exercise personal jurisdiction over the person. Such an interpretation of the statute, if adopted, would provide a basis for jurisdiction in a California district court but cannot provide a basis for jurisdiction in the Missouri district court that revoked Copley's conditional release in this case.

The Missouri district court did not acquire jurisdiction by transfer of the case from the North Carolina district court. A district court may transfer a civil action only to a district in which the action "might have been brought." 28 U.S.C. § 1404(a). Because the revocation action could not have been originally filed in Missouri, the district court erred when it denied Copley's motion to retransfer the action to North Carolina. *See* 28 U.S.C. § 1406(a).

As a result of our ruling on this jurisdictional issue, we do not consider Copley's other arguments on appeal. Copley's *pro se* motion to transfer the appeal is denied as moot. We also deny Copley's other *pro se* motions, which include motions to strike the government's brief, to expunge his medical records, and to expedite the appeal.

The revocation order is vacated, and the case is remanded to the district court for transfer to the United States District Court for the Eastern District of North Carolina.