**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CHARLES POSNANSKI,
            *Plaintiff-Appellant,*

v.

WILLIAM GIBNEY; GIBNEY &
ASSOCIATES; XL SPECIALTY
INSURANCE COMPANY,
            *Defendants-Appellees.*

No. 03-16418

D.C. No.
CV-02-02010-JWS

CHARLES POSNANSKI,
            *Plaintiff-Appellee,*

v.

WILLIAM GIBNEY; GIBNEY &
ASSOCIATES,
            *Defendants-Appellants,*

and

XL SPECIALTY INSURANCE COMPANY,
            *Defendant.*

No. 03-17235

D.C. No.
CV-02-02010-JWS

11809

CHARLES POSNANSKI,
                *Plaintiff-Appellee,*

                v.

WILLIAM GIBNEY; GIBNEY &
ASSOCIATES,
                *Defendants-Appellants,*

                and

XL SPECIALTY INSURANCE COMPANY,
                *Defendant.*

No. 03-16477
D.C. No.
CV-02-02010-JWS
OPINION

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Argued and Submitted
February 7, 2005—San Francisco, California

Filed August 30, 2005

Before: J. Clifford Wallace, Johnnie B. Rawlinson, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Bybee

**COUNSEL**

Donald K. Schott and Stacy Y. Hannert, Quarles & Brady LLP, Madison, Wisconsin, and Phoenix, Arizona, for the plaintiff-appellant-cross-appellee.

Randal N. Arnold, Russell A. Klingaman, and David J. Hanus, Hinshaw & Culbertson LLP, Milwaukee, Wisconsin, for the defendants-appellees-cross-appellants.

**OPINION**

BYBEE, Circuit Judge:

In this case we consider an issue of first impression in our circuit: May we review the decision of a district court outside our circuit to transfer a case into our circuit? We hold that we may not.

This appeal comes to the court from the District of Arizona, by way of a transfer from the Western District of Wisconsin. Charles Posnanski filed suit in federal district court in Wisconsin against William Gibney, Gibney & Associates, and XL Insurance ("Defendants"), all of whom are residents of Arizona. When defendants sought summary judgment in the Wisconsin district court, the court *sua sponte* transferred the case to the District of Arizona under 28 U.S.C. § 1404(a), citing the interests of justice and the convenience of the parties. The Arizona district court entered judgment against Posnanski, who appeals a number of issues. In this opinion, we address

only our authority to review the transfer from Wisconsin to Arizona.[1]

Posnanski argues that the Western District of Wisconsin erred when it transferred the case to the District of Arizona. At the outset, it is unclear that we can review the Wisconsin district court's decision. In general, we review a district court's decision to transfer a case under § 1404 for abuse of discretion. *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988). *See also King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) (reviewing a district court's decision to dismiss, rather than to transfer a case under 28 U.S.C. § 1406, for abuse of discretion); *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (reviewing a district court's decision *not* to transfer a case under 28 U.S.C. § 1631 for abuse of discretion).

**[1]** So far as we can determine, we have never addressed whether an out-of-circuit district court's decision to transfer a case to a district court within our circuit is appealable to our circuit, although there is some language suggesting that we can. The confusion stems from our decision in *American Fidelity Fire Insurance Co. v. United States District Court*, 538 F.2d 1371 (9th Cir. 1976). In that case, a cross-claim in a suit pending in the Northern District of California was transferred to the United States Court of Claims pursuant to 28 U.S.C. § 1406(c). In the course of explaining why we would *not* vacate the transfer order by mandamus, we stated that "a venue transfer between district courts in different circuits pursuant to 28 U.S.C. §§ 1404(a) or 1406(a) can be reviewed as a matter of right in a court of appeals." *Id.* at 1377. Although we were dealing with an order from a transferor district court within our circuit, rather than from one outside our circuit, and were holding that mandamus would *not* be granted, we

---

[1]We have addressed Posnanski's other claims in an unpublished disposition, *Posnanski v. Gibney*, No. 03-17235, filed concurrently with this opinion.

added in a footnote that "[o]n appeal from a final judgment we may exercise our appellate jurisdiction to review a district court's transfer order, *even if the transferor court is not within our circuit.*" *Id.* at 1377 n.4 (emphasis added).

We cited two cases in support of this proposition. In the first case, *Gulf Research & Dev. Co. v. Harrison*, 185 F.2d 457, 458-59 (9th Cir. 1950), we did not actually review a transfer order from an out-of-circuit district court as the transferee court. Rather, petitioner sought a writ of mandamus compelling a judge in the Southern District of California to withdraw an order of transfer to the District of Delaware. In the second case, *Magnetic Eng'g & Mfg. Co. v. Dings Mfg. Co.*, 178 F.2d 866, 869 (2d Cir. 1950), the Second Circuit discussed whether it could review an appeal of a transfer from the Southern District of New York to the Eastern District of Wisconsin. Again, in that case, the transferor court was within the reviewing circuit. Thus, neither of the cases relied upon by *American Fidelity* actually dealt with a "transferor court . . . not within our circuit," 538 F.2d at 1377 n.4, nor did *American Fidelity* itself deal with a review of a transfer order from such a court. Our statement in footnote four was both overbroad and dicta.

**[2]** Ten years after *American Fidelity*, we recognized that footnote four was dicta. "We need not address *the dicta* that a civil transfer order is reviewable by the circuit court for the transferee district. *See American Fidelity Fire Ins. Co. v. United States District Court*, 538 F.2d 1371, 1376-77 & n.4 (9th Cir. 1976)." *United States v. French*, 787 F.2d 1381, 1383 n.3 (9th Cir. 1986) (emphasis added); *see also* 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3846, at 359 (1986) ("There is dicta suggesting a [view that a transfer order is appealable to the transferee circuit], but neither [the Ninth nor Second Circuit] courts has ever in fact reviewed a transfer order issued by a district court in another circuit.").

**[3]** Footnote four in *American Fidelity* stands in contrast to the considered views of the commentators and the seven circuits to have addressed this issue. Wright & Miller state the basic rule: "[I]f a transfer was made from a district court in one circuit to a district court in another, the court of appeals in the latter circuit cannot directly review the action of the first district court in ordering transfer." 15 WRIGHT & MILLER § 3855, *supra* at 474. The First, Fourth, Sixth, Seventh, Eighth, Eleventh and D.C. Circuits have all held that a transferee circuit does not have jurisdiction to review a transfer order by a transferor court in another circuit. *See United States v. Copley*, 25 F.3d 660, 662 (8th Cir. 1994) ("We lack jurisdiction to consider Petitioner's first argument, which concerns the North Carolina district court's decision to transfer this case to the Missouri district court. Nevertheless, we can review the Missouri district court's implicit denial of Copley's motion to retransfer the revocation proceeding.") (citations omitted); *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991) ("This court has held that we have no jurisdiction to review a decision to transfer venue rendered by a district court in another circuit."); *Lewelling v. Farmers Ins. of Columbus, Inc.*, 879 F.2d 212, 218 (6th Cir. 1989) ("Although plaintiffs argue that this case should not have been transferred, the California district court's order transferring this case to the Southern District of Ohio is not reviewable by this court."); *Reyes v. Supervisor of DEA*, 834 F.2d 1093, 1095 (1st Cir. 1987) ("[T]here is substantial authority to conclude that we are precluded from reviewing an order [transferring a case into this circuit] by a district court in another circuit."); *Roofing & Sheet Metal Servs. Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 986, 989 (11th Cir. 1982) ("Congress has not given us jurisdiction to review decisions of district courts outside this Circuit. . . . Because we lack appellate jurisdiction, we dismiss the appeal to the extent that it challenges the order transferring the case to the Southern District of Alabama.") (citations omitted); *Linell v. Sloan*, 636 F.2d 65, 67 (4th Cir. 1980) ("Under the prevailing view among the circuits, [plaintiffs] should have moved for retrans-

fer of their action in the Eastern District of Virginia, the transferee district court, in order to vest us with jurisdiction to pass on their contention."); *Starnes v. McGuire*, 512 F.2d 918, 924 (D.C. Cir. 1974) (en banc) ("[I]t is well established that a transferee court cannot directly review the transfer order [from an out-of-circuit district court] itself"); *Illinois Tool Works, Inc. v. Sweetheart Plastics, Inc.*, 436 F.2d 1180, 1188 (7th Cir. 1971) ("Defendants argue that transfer of their earlier filed declaratory judgment action from the United States District Court for the Southern District of New York was improper. If it was, defendants should have raised that issue in the Second Circuit, not here."); *Purex Corp. v. St. Louis Nat'l Stockyards Co.*, 374 F.2d 998, 1000 (7th Cir. 1967) ("Inasmuch as the complaint of plaintiffs is actually directed against the action of the transferor court which sits in the [8th Circuit], and as the record fails to show that plaintiffs made, in the transferee court in Illinois, any motion to retransfer the case to St. Louis, we have no jurisdiction to act extraterritorially in order to adjudicate the question now raised by plaintiff."); *Preston Corp. v. Raese*, 335 F.2d 827, 828 (4th Cir. 1964) ("The rule is well established that a transfer order is not appealable.").

**[4]** The rule adopted by these circuits is correct. We know of no principle in American law that permits a circuit court of appeals to review, as such, a transfer order issued by a district court in another circuit. Such transfer orders, as we now hold, are reviewable only in the circuit of the transferor district court. *See American Fidelity*, 538 F.2d at 1376-77.

**[5]** We join our sister circuits and hold that we may not review a transfer under 28 U.S.C. § 1404 by a district court outside of our circuit to a district court within our circuit. If Posnanski disagreed with the transfer from the Western District of Wisconsin to the District of Arizona, he should have sought review, by whatever means were available to him, in the Seventh Circuit. *See Illinois Tool Works, Inc.*, 436 F.2d at 1188; *Purex Corp.*, 374 F.2d at 1000. His remedy lies in the

circuit of the transferor court, not the circuit of the transferee court.[2]

[6] A party, such as Posnanski, is not without any recourse. He may move in the transferee court to retransfer the action to the transferor court and the denial of that motion is reviewable in the transferee circuit. *See Song Byrd v. Estate of Grossman*, 206 F.3d 172, 177-78 (2d Cir. 2000); *Copley*, 25 F.3d at 662; *Linnell*, 636 F.2d at 67; 15 WRIGHT & MILLER § 3846, *supra* at 359-60 ("A motion to retransfer the action may be made in the transferee court and the ruling on that motion is reviewable in the court of appeals to which the transferee court is responsible."). Such review may even be had via a petition for a writ of mandamus in certain circumstances. *See Hoffman v. Blaski*, 363 U.S. 335, 340 n.9 (1960); *Hill v. Henderson*, 195 F.3d 671, 677 (D.C. Cir. 1999).

[7] We do not have jurisdiction to review the Western District of Wisconsin's transfer to the District of Arizona.

**AFFIRMED.**

---

[2]The Western District of Wisconsin stated in its order that transfer to the District of Arizona might also be proper under 28 U.S.C. § 1631. We see no reason why a different rule would apply to transfers pursuant to other statutes, such as 28 U.S.C. § 1406(a) or 28 U.S.C. § 1631.