NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN SEPLOWIN, Individually and as an Assignee of American Realty LLC dba American Realty Pros, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ZILLOW, INC., <br><br> Defendant-Appellee. | No. 15-35961 <br><br> D.C. No. 2:15-cv-00808-RSL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted June 26, 2017[**]

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

Steven Seplowin appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims in connection with

Zillow, Inc.'s discontinuation of an online real estate sale and rental service.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a sua sponte dismissal for failure to state a claim.  *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).  We affirm.

The district court properly dismissed Seplowin's action because Seplowin failed to allege any causes of action personal to him.  *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him.  He has no authority to appear as an attorney for others than himself." (citation omitted)).

We do not consider Seplowin's argument raised for the first time on appeal that Seplowin, rather than American Realty LLC, contracted with Zillow, Inc.  *See Raiche v. Gonzales*, 500 F.3d 850, 868 (9th Cir. 2007) (court generally will not consider arguments raised for the first time on appeal).

We lack jurisdiction to review the order of the Northern District of Illinois transferring this action to the Western District of Washington.  *See Posnanski v. Gibney*, 421 F.3d 977, 980 (9th Cir. 2005) ("[W]e may not review a transfer under 28 U.S.C. § 1404 by a district court outside of our circuit to a district court within our circuit.").

**AFFIRMED.**

15-35961