# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-3834

_____

Morgantown Machine & Hydraulics of Ohio, Inc.; Swanson Industries, Inc.,

*Plaintiffs - Appellants*,

v.

American Piping Products, Inc.,

*Defendant - Appellee*.

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 20, 2017
Filed: April 5, 2018

_____

Before COLLOTON, BENTON, and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Morgantown Machine & Hydraulics of Ohio, Inc. and its parent corporation Swanson Industries, Inc. (together, "Morgantown") sued American Piping Products, Inc. for breach of implied warranties. The district court[1] granted American Piping's

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

motion to dismiss on the ground that the contract between the parties incorporated terms and conditions that disclaimed any implied warranties. Morgantown appeals, and we affirm.

## I.

Morgantown manufactures hydraulic cylinders for installation in offshore oil rigs. American Piping distributes tubes, pipes, and related materials that can be used in oil rigs. In June 2011, Morgantown requested a price quote for steel tubing using American Piping's website.

After some preliminary negotiations, American Piping sent Morgantown a price quotation, numbered 132442, detailing the pricing and specifications of the tubing that Morgantown requested. At the bottom of the quote, American Piping wrote: "This quotation and all sales resulting from it, are subject to our Standard Terms & Conditions of Sale and available upon request." The quote was valid until August 12, 2011.

On August 15, 2011, after the time limit on the quote expired, Morgantown sent American Piping a purchase order requesting "TUBING PER QUOTE 132442." American Piping responded with an "order confirmation" that included a product description, unit price, and total price that conformed to quote 132442. The confirmation advised that "American Piping Products terms and conditions of sales can be viewed" at a specified Internet webpage.

American Piping shipped the tubing to Morgantown in February 2012 for installation in China. After installation, the tubing malfunctioned. Morgantown sued American Piping in the United States District Court for the Northern District of Ohio for breach of implied warranties. American Piping moved to dismiss for failure to

state a claim or, in the alternative, to transfer the case to the Eastern District of Missouri based on the forum selection clause contained in the Terms & Conditions.

According to a declaration attached to the motion, American Piping's Standard Terms & Conditions of Sale in August 2011 included (1) a forum selection clause stating that disputes must be tried in any state or federal court having jurisdiction over St. Louis County, Missouri, and (2) a "*SOLE AND EXCLUSIVE WARRANTY*" provision, disclaiming warranties of merchantability and fitness for a particular purpose.

The Ohio district court determined the Terms & Conditions were incorporated into the parties' agreement, concluded that the forum selection clause was valid and enforceable, denied American Piping's motion to dismiss without prejudice, and transferred the case to the Eastern District of Missouri. Following transfer, American Piping moved to dismiss the breach of warranty claims based on the express disclaimer of warranties in the Terms & Conditions. The district court concluded the Terms & Conditions were incorporated into the contract and granted American Piping's motion to dismiss. We review a district court's dismissal for failure to state a claim *de novo*. *Dittmer Properties, L.P. v. FDIC*, 708 F.3d 1011, 1016 (8th Cir. 2013).

II.

As an initial matter, American Piping contends that this court lacks jurisdiction over this appeal because it argues that Morgantown is seeking review of the Ohio district court's transfer order. Although we do not review out-of-circuit transfer orders, *see United States v. Copley*, 25 F.3d 660, 662 (8th Cir. 1994), Morgantown is not appealing the Ohio district court's order. Rather, Morgantown challenges the Missouri district court's independent determination that the Terms & Conditions were incorporated into the contract. We have jurisdiction to review the district court's

-3-

post-transfer final judgment dismissing the case on the merits. *See St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 593-94 (8th Cir. 2001).

Federal courts sitting in diversity apply state substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Where, as here, a case is transferred under 28 U.S.C. § 1404(a) based on a forum-selection clause, the court applies the choice-of-law rules of the State in which the transferee court sits. *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 582-83 (2013). The parties do not dispute that Missouri substantive law applies, so we look to Missouri contract law to resolve the appeal.

Under Missouri law, to incorporate terms into a contract by reference, "the intent to incorporate must be clear," *State ex rel. Hewitt v. Kerr*, 461 S.W.3d 798, 810 (Mo. 2015), and the contract must "make[] clear reference to the document and describe[] it in such terms that its identity may be ascertained beyond a doubt." *Id.* (alterations in original) (quoting *Intertel, Inc. v. Sedgwick Claims Mgmt. Servs., Inc.*, 204 S.W.3d 183, 196 (Mo. Ct. App. 2006)). "[M]atters incorporated into a contract by reference are as much a part of the contract as if they had been set out in the contract in haec verba." *Dunn Indus. Grp., Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 435 n.5 (Mo. 2003).

The parties dispute which documents constitute the contract between the parties. American Piping's price quote expired on August 12, 2011, and Morgantown did not accept it before the expiration date. On August 15, however, Morgantown submitted a purchase order, offering to purchase tubing from American Piping. American Piping issued an order confirmation, thereby accepting Morgantown's offer. We thus look to the purchase order and the order confirmation for the terms of the agreement.

Morgantown's purchase order requested "TUBING PER QUOTE 132442." "Per" means "according to" or "in accordance with the terms of." *See Webster's Third New International* 1674 (3d ed. 2002); *Black's Law Dictionary* 1316 (10th ed. 2014). Morgantown thus does not dispute that the language manifests a clear intent to incorporate at least part of the price quote. Nor does Morgantown dispute that its reference to the price quote was clear and unambiguous, such that American Piping could ascertain the document's identity beyond a doubt.

Morgantown contends more narrowly that the language "TUBING PER QUOTE 132442" is insufficient to incorporate the price quote *in its entirety*. The company contends that the word "per" modifies the word "tubing," and thereby limits any incorporation to the tubing specifications included in the price quote. While the word "tubing" identifies the product that Morgantown offered to purchase, the phrase "per Quote 132442" shows that Morgantown's offer was to purchase tubing *in accordance with the terms of* Quote 132442. Quote 132442 contained several terms other than tubing specifications, including price, quantity, delivery, and the applicability of American Piping's Terms & Conditions. We think Missouri law leads to the same conclusion reached under Ohio law in *Extreme Machine & Fabricating, Inc. v. Avery Dennison Corp.*, 49 N.E.3d 324 (Ohio Ct. App. 2016), where an order to purchase two items "per quote 110109-01 . . . specifically declared the order was in accordance with the terms of the manufacturer's quote." *Id*. at 330. Morgantown's purchase order thus incorporated American Piping's price quote.[2]

_____

[2]Morgantown's suggested authority, *Tull Brothers, Inc. v. Peerless Products, Inc.*, No. 12-0314-KD-M, 2012 WL 5987404 (S.D. Ala. Nov. 29, 2012), is distinguishable because the contract under consideration said that it did "not incorporate any terms and conditions of seller's quotation *unless specifically so stated*." *Id.* at *3 (emphasis added). An order to purchase "per Tull Brothers Approved version of Peerless Quote 551840" did not "specifically" incorporate terms and conditions that were incorporated by the quote. *Id.* at *3-4. The contract at issue here, by contrast, does not include an enhanced specificity requirement for incorporation of terms and conditions.

The price quote, in turn, incorporated American Piping's Standard Terms & Conditions of Sale. The quote demonstrated an intent to incorporate by providing that "all sales resulting from [this quote] are subject to [American Piping's] Standard Terms & Conditions of Sale." And American Piping clearly identified the document and invited review of the Terms & Conditions upon request. "There is no requirement that an incorporated document be attached to the contract or provided to the parties prior to the execution of the contract." *State ex rel. Pinkerton v. Fahnestock*, 531 S.W.3d 36, 45 (Mo. 2017). The plain language of the price quote is sufficient to incorporate the Terms & Conditions by reference.

Morgantown questions whether the Terms & Conditions attached to American Piping's motion to dismiss were in effect in 2011 when the contract was formed. But Morgantown acknowledges that it declined American Piping's invitation to request a copy of the Terms & Conditions before entering into the agreement, and Morgantown's assertion that it could not find the Terms & Conditions in 2016 when it accessed the web address provided by American Piping in 2011 does not contradict the motion papers concerning what was available five years earlier. Morgantown offers only speculation to support the notion that American Piping invited purchasers to request nonexistent Terms & Conditions in August 2011 or that American Piping misrepresented the Terms & Conditions that were attached to the motion to dismiss.

The Terms & Conditions include an express disclaimer of warranties, and Morgantown does not challenge the validity or enforceability of the express disclaimer. Therefore, Morgantown fails to state a breach of warranty claim on which relief could be granted. The judgment of the district court is affirmed.

_____