**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ERNEST JARRETT; ERNEST L. JARRETT, P.C., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> JAMES STEPHEN TERRELL; LAW OFFICE OF JAMES S. TERRELL; SHARON J. BRUNNER; LAW OFFICE OF SHARON J. BRUNNER, <br><br> Defendants-Appellees. | No. 21-55263 <br><br> D.C. No. 2:19-cv-06234-MWF-GJS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted March 15, 2022
San Francisco, California

Before:  W. FLETCHER, GOULD, and COLLINS, Circuit Judges.

In connection with a short-lived representation of a client in a wrongful

death suit, Plaintiffs Ernest L. Jarrett and Ernest L. Jarrett, P.C. (collectively,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Jarrett) allege that Defendants owe approximately $2.67 million in attorneys' fees because (1) Defendants tortiously interfered with Jarrett's contractual expectancy, attorney client relationship, and business expectancy; (2) Defendants breached an oral fee-sharing agreement that they entered into with Jarrett; and (3) Defendants were unjustly enriched. The case had been transferred under 28 U.S.C. § 1404(a) to the Central District of California from the Eastern District of Michigan. The district court in California denied Jarrett's motion to transfer the case back to the district court in Michigan and dismissed Jarrett's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Jarrett appeals the change of venue granted by the district court in Michigan; the denial by the district court in California of change of venue back to the district court in Michigan; and the dismissal by the district court in California under Rule 12(b)(6). We do not have jurisdiction over Jarrett's appeal of the change of venue granted by the district court in Michigan. We have jurisdiction under 28 U.S.C. § 1291 over the remainder of his appeal, and we affirm.

1. When a case has been transferred from one district court to another under 28 U.S.C. § 1404(a) and an appeal is brought from a decision by the transferee court, the court of appeals does not have jurisdiction to review the change of venue order entered by the transferor court. *Posnanski v. Gibney*, 421 F.3d 977, 980 (9th

Cir. 2005). We thus do not have jurisdiction to review the change of venue order entered by the district court in Michigan.

2. We do have jurisdiction over Jarrett's appeal from the denial by the district court in California of the motion to change venue back to the district court in Michigan. Here, the district court denied the motion to transfer the case back to the Michigan court on the grounds that Jarrett had not demonstrated either "that any circumstances under which the transfer was ordered have changed" or that the Michigan court's transfer order reflected "clear error." We review a denial of a motion to change venue under § 1404(a) for abuse of discretion. *Id.* at 978. "Weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge." *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) (quoting *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)). The district court in California did not abuse its discretion in denying the motion to transfer the case back to the transferor court.

3. Jarrett argues that the district court erred by applying California law to his claims. We review choice-of-law decisions de novo. *Narayan v. EGL, Inc.*, 616 F.3d 895, 898 (9th Cir. 2010). If the transferor court had personal jurisdiction over Defendants, the case was properly transferred pursuant to 28 U.S.C. § 1404(a); if

3

the transferor court did not have personal jurisdiction over the Defendants, the case would have been properly transferred under 28 U.S.C. § 1406(a). If a case is transferred under § 1404(a), the transferee court applies the law that would have been applicable in the transferor district court. *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964). If a case is transferred under § 1406(a), the transferee court applies the law applicable in the transferee court. In this case, the result is the same. The transferor court in Michigan would have applied Michigan's choice-of-law rules, which would have directed that court to apply California law; the transferee court in California would have applied California law directly. Therefore, the district court did not err in applying California law.

4. Jarrett contends that the district court erred in granting Defendants' motion to dismiss under Rule 12(b)(6) for failure to state a claim for tortious interference, breach of contract, and unjust enrichment. We review the grant of a Rule 12(b)(6) motion de novo. *Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Jarrett fails to state a claim for tortious interference because he fails to allege that Defendants committed an "independently wrongful act" as required by California law. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1158 (2003). "[A]n act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Id.* at 1159. Jarrett alleges that Defendants disparaged him to the client, but he does not allege that Defendants engaged in actionable disparagement. That is, Jarrett does not allege sufficient facts to establish that Defendants said anything to the client that was untrue or, though true, was in violation of professional or ethical rules.

Jarrett also fails to state a claim for breach of contract. The oral fee-sharing agreement provided that Jarrett would transfer one-third of the fees from the wrongful death suit to Defendants upon payment by the client to Jarrett if the client prevailed. However, the client never paid Jarrett because she "replaced [him] as lead attorney" in the early stages of the suit.

Finally, Jarrett fails to state a claim for unjust enrichment. Under California law, "[t]he elements of a cause of action for unjust enrichment are simply stated as 'receipt of a benefit and unjust retention of the benefit at the expense of another.'" *Pro. Tax Appeal v. Kennedy-Wilson Holdings, Inc.*, 239 Cal. Rptr. 3d 908, 915 (Ct.

App. 2018) (quoting *Lectrodryer v. Seoulbank*, 91 Cal. Rptr. 2d 881, 883 (Ct. App. 2000)).  Jarrett alleges that his introduction of Defendants to the client entitles him to two-thirds of the $4 million fee award from the wrongful death suit in which the client prevailed.  Nothing in the language of the parties' oral fee-sharing agreement provides for Jarrett to receive a referral fee for his introduction, and Jarrett has advanced no other ground for concluding that Defendants have been unjustly enriched at his expense.

**AFFIRMED.**