**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**November 10, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

SEEDX, INC.,

     Plaintiff - Appellant/Cross-Appellee,

v.

LINCOLN STRATEGY GROUP LLC;
FORTIFIED CONSULTING LLC;
NATHAN SPROUL,

     Defendants - Appellees,

and

KANYE 2020,

     Defendant - Appellee/Cross-Appellant.

_____

SEEDX, INC.,

     Plaintiff - Appellee,

v.

LINCOLN STRATEGY GROUP, LLC;
FORTIFIED CONSULTING, LLC;
NATHAN SPROUL,

     Defendants,

and

KANYE 2020,

No. 24-8028

No. 24-8036

Defendant - Appellant.

_____

**Appeal from the United States District Court
for the District of Wyoming
(D.C. No. 2:23-CV-00142-ABJ)**

_____

Earl Landers Vickery of Vickery & Shepherd, LLP, Houston, TX, for Plaintiff-Appellant/Cross-Appellee SeedX, Inc.

John G. Knepper of Law Office of John G. Knepper, LLC, Cheyenne, WY, for Defendants-Appellees Lincoln Strategy Group, LLC, Fortified Consulting, LLC, and Nathan Sproul.

Amy M. Iberlin of Williams, Porter, Day & Neville, P.C., Casper, WY, for Defendant-Appellee/Cross-Appellant Kanye 2020.

_____

Before **HARTZ**, **McHUGH**, and **MORITZ**, Circuit Judges.

_____

**MORITZ**, Circuit Judge.

_____

SeedX, Inc. is a marketing and e-commerce company on a quest to recover payment for services it alleges it provided to the Kanye 2020 presidential campaign. As part of that quest, SeedX sued Kanye 2020, along with Lincoln Strategy Group, LLC, Fortified Consulting, LLC, and Nathan Sproul (the Lincoln defendants), in Wyoming district court.

The district court dismissed the claims against Kanye 2020 without prejudice for failure to state a claim. And finding that it lacked personal jurisdiction over the Lincoln defendants, the district court transferred claims against them to district court in Arizona. Kanye 2020 then moved for reconsideration, arguing that the claims

2

against it should have been dismissed with prejudice. But the Wyoming court responded that it no longer had jurisdiction over the case following the transfer to Arizona. Now, SeedX appeals the transfer of its claims against the Lincoln defendants and the dismissal of its claims against Kanye 2020, and Kanye 2020 cross-appeals, contending the dismissal of the claims against it should have been with prejudice.

On SeedX's appeal, we lack jurisdiction over the interlocutory transfer order, and we affirm the dismissal of SeedX's contract claims against Kanye 2020 for failure to state a claim. On Kanye 2020's cross-appeal, we hold that the district court erred in concluding that it lacked jurisdiction over Kanye 2020's motion for reconsideration. We thus remand for the district court to consider in the first instance whether the dismissal of SeedX's contract claims against Kanye 2020 should be with prejudice.

## Background[1]

The relationship between SeedX and the Lincoln defendants sprouted in June 2020. The Arizona-based Lincoln defendants, comprising Sproul and two entities he created for political consulting and campaign management, reached out to SeedX, a Nevada company, to discuss working together. By August 2020, SeedX had begun providing services to one of the Lincoln defendants' clients. That same month, the Lincoln defendants asked SeedX if it would be interested in helping with the Kanye

---

[1] Given the procedural posture of this appeal, we accept the facts as alleged in the complaint. *See N. Arapaho Tribe v. Becerra*, 61 F.4th 810, 813 (10th Cir. 2023).

2020 campaign. SeedX agreed and asked for a written agreement of the terms, and the Lincoln defendants repeatedly assured SeedX that the agreement would be reduced to writing once the scope of the work became clearer.

With no written contract, SeedX began its work for Kanye 2020. Its first product was a slideshow that included graphic designs and marketing and public-relations strategies for the campaign. The Lincoln defendants asked SeedX to replace its name with "Lincoln" on the first slide, and SeedX agreed because the Lincoln defendants would be making the presentation. SeedX then built a campaign website and digital storefront for Kanye 2020. While most of SeedX's contacts up until that point were with the Lincoln defendants, once the website went live, SeedX also communicated with the Kanye 2020 campaign. SeedX alleges it "became the hub of a massive marketing effort, managing the digital storefront, facilitating online orders for campaign merchandise/donations and gathering/monitoring campaign donor data." App. vol. 1, 17.

Ultimately, Kanye 2020 paid more than $13.2 million for campaign services in 2020; about $4.8 million of that went to the Lincoln defendants. But SeedX was never paid for its work. So it sued Kanye 2020 and the Lincoln defendants in district court in Wyoming, where Kanye 2020 is based, asserting claims against them for breach of an implied or oral contract, breach of the implied duty of good faith and fair dealing, and unjust enrichment.[2] SeedX also asserted claims for conversion and

---

[2] SeedX initially sued Kanye 2020 and the Lincoln defendants in Texas, but the district court there dismissed the action without prejudice for lack of personal

fraud against the Lincoln defendants. The Lincoln defendants moved to dismiss for lack of personal jurisdiction, while Kanye 2020 moved to dismiss for failure to state a claim.

The district court found it lacked personal jurisdiction over the Lincoln defendants. However, instead of dismissing those claims, the district court transferred them to the District of Arizona—where the Lincoln defendants are based. It did so pursuant to 28 U.S.C. § 1631, which provides that when a district court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed." The district court did so out of concern that the claims, which "appear[ed] to have merit," would be time-barred if filed anew in Arizona. App. vol. 2, 312. Next, the district court determined that SeedX failed to plausibly allege any claims against Kanye 2020, and it dismissed those claims without prejudice.

Kanye 2020 then moved for reconsideration under Federal Rule of Civil Procedure 59(e), asking the Wyoming court to dismiss the claims against it *with* prejudice. The district court declined, stating it no longer had jurisdiction because the case was transferred to Arizona.

---

jurisdiction. *See Basulto v. Sproul*, No. 21-CV-592, 2021 WL 8018073 (W.D. Tex. Nov. 2, 2021) (unpublished), *report and recommendation adopted* 2021 WL 8018072 (W.D. Tex. Nov. 30, 2021) (unpublished).

SeedX appeals in Appeal No. 24-8028, and Kanye 2020 cross-appeals in Appeal No. 24-8036.[3]

## Analysis

SeedX contends the district court erred in transferring its claims against the Lincoln defendants and in dismissing its claims against Kanye 2020. Kanye 2020, for its part, argues the district court erred by dismissing the claims against it without prejudice.

### I.    Jurisdiction

We must first determine which issues we have jurisdiction to reach. *See City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1091 (10th Cir. 2017) (conducting jurisdictional inquiry before addressing merits). "We review questions of our appellate jurisdiction de novo." *Id.*

Our jurisdiction typically extends only to final decisions of the district courts. *See* 28 U.S.C. § 1291. "[T]o be final, a decision must reflect 'the termination of all matters as to all parties and causes of action.'"[4] *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003) (quoting *D & H Marketers, Inc. v. Freedom Oil & Gas, Inc.*, 744 F.2d 1443, 1444 (10th Cir. 1984) (en banc)). And crucially for our

---

[3] The Arizona district court stayed litigation of the transferred claims pending this appeal. *See* Order, *SeedX Inc. v. Lincoln Strategy Grp.*, No. 24-cv-00933 (D. Ariz. May 15, 2024).

[4] Of course, Federal Rule of Civil Procedure 54(b) allows a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties" where the court "expressly determines that there is no just reason for delay." But the district court did not do so here.

purposes, we have recognized that transfer orders are not final because they "d[o] not finally end the litigation." *Fed. Deposit Ins. Corp. v. McGlamery*, 74 F.3d 218, 221 (10th Cir. 1996). Additionally, we have determined that transfer orders do not fall into the collateral-order exception to the finality rule. *Id.* Thus, we have plainly held that we lack jurisdiction to review transfer orders. *Id.*

Despite this clear precedent, SeedX seeks to challenge the district court's transfer order. As the appellant, it bears the burden of establishing appellate jurisdiction.[5] *See United States v. Solco I, LLC*, 962 F.3d 1244, 1249 (10th Cir. 2020). To do so, SeedX first invokes *Shrader v. Biddinger*, 633 F.3d 1235 (10th Cir. 2011). There, we reviewed an order dismissing claims against various defendants for lack of personal jurisdiction and rejected the plaintiff's contention that the district court should have transferred his claims instead of dismissing them. *Id.* at 1249–50. In so doing, we noted a "patent impediment" to transferring a case that involved multiple defendants who resided in different states, such that "no single court" could exercise jurisdiction. *Id.* Seizing on this language, SeedX maintains that the district court's transfer impermissibly split the action in violation of *Shrader* because the entire action could not have been brought in the district of Arizona.

At the outset, we note that SeedX's *Shrader* argument is a merits challenge to the district court's decision to transfer, not an argument supporting appellate jurisdiction. Indeed, *Shrader* says nothing about jurisdiction to review a transfer

---

[5] Kanye 2020 is a cross-appellant, but it does not challenge the transfer order and thus need not establish our jurisdiction over such order.

order. Moreover, *Shrader* is easily distinguishable. It speaks to circumstances in which defendants from multiple states are dismissed for lack of personal jurisdiction, such that "there [i]s no single court to which the action could be transferred with any assurance that jurisdiction would have been proper." *Id.* Here, by contrast, the district court transferred only a group of defendants who can all be sued in Arizona, and dismissed the remaining defendants based on plaintiffs' failure to state a claim against those defendants.

Next, SeedX suggests that we construe the transfer order as final because otherwise, what it views as a clearly erroneous order will never be reviewed. We disagree. To be sure, the Ninth Circuit, where the District of Arizona is located, has held that transfers are "reviewable only in the circuit of the transferor district court"—here, the Tenth Circuit. *Rigsby v. GoDaddy Inc.*, 59 F.4th 998, 1004 (9th Cir. 2023) (quoting *Posnanski v. Gibney*, 421 F.3d 977, 980 (9th Cir. 2005)). But SeedX overlooks that it could move in Arizona to retransfer the action to Wyoming. *See Posnanski*, 421 F.3d at 980–81. And if that motion were denied, the Ninth Circuit could then exercise review. *Id.*; *see also McGlamery*, 74 F.3d at 221 (finding that transfer order did not satisfy unreviewability prong of collateral-order exception because party could move for retransfer in transferee court and then obtain appellate review); *Petersen v. Douglas Cnty. Bank & Tr. Co.*, 940 F.2d 1389, 1392 (10th Cir. 1991) (suggesting that transferee circuit can adjudicate allegedly erroneous transfer on review of party's motion to retransfer). We therefore disagree that the transfer order is effectively unreviewable.

8

Last, SeedX invokes the pragmatic-finality doctrine, which allows a court to "assume jurisdiction where the danger of injustice by delaying appellate review outweighs the inconvenience and costs of piecemeal review." *United States v. Copar Pumice Co.*, 714 F.3d 1197, 1209 (10th Cir. 2013) (quoting *Albright v. UNUM Life Ins. Co. of Am.*, 59 F.3d 1089, 1093–94 (10th Cir. 1995)). We have used this doctrine when declining jurisdiction would "threaten our ability" to address "important, serious, and unsettled" issues. *Zen Magnets, LLC v. Consumer Prod. Safety Comm'n*, 968 F.3d 1156, 1165 (10th Cir. 2020). But we have emphasized that the doctrine should be invoked "only in truly unique instances . . . to preserve the vitality of § 1291." *Boughton v. Cotter Corp.*, 10 F.3d 746, 752 (10th Cir. 1993) (cleaned up); *see also New Mexico v. Trujillo*, 813 F.3d 1308, 1317 (10th Cir. 2016) ("We have been leery to apply the doctrine.").

This is not one of those instances. We see nothing overwhelmingly important, serious, or unsettled in the district court's decision to transfer the claims against the Lincoln defendants to Arizona, while in the same order dismissing the claims against Kanye 2020 for failure to state a claim. *Cf. Zen Magnets*, 968 F.3d at 1165 (applying practical-finality doctrine to address constitutional due-process issue in administrative proceeding). And SeedX's interest in avoiding piecemeal litigation of its claims does not overcome the "strong congressional policy against . . . obstructing or impeding an ongoing judicial proceeding by interlocutory appeals" embodied by § 1291. *United States v. Nixon*, 418 U.S. 683, 690 (1974). We therefore reject SeedX's practical-finality argument.

9

The Lincoln defendants, despite being appellees, also seek to establish our jurisdiction over the transfer order. They first contend that the district court transferred not just the claims against them but also those against Kanye 2020. And according to the Lincoln defendants, transferring the Kanye 2020 claims violated § 1631 because the Wyoming district court had personal jurisdiction over Kanye 2020 and never analyzed whether the Arizona court would. *See* § 1631 (mandating transfer to other court "in which the action or appeal could have been brought at the time it was filed or noticed").

As an initial matter, this argument also goes to the merits of the transfer order, not to whether we have appellate jurisdiction over it. But in any event, the Lincoln defendants fundamentally misread the district court's order, which explicitly stated that "the claims against Kanye 2020 *shall not be transferred* due to SeedX's failure to state a claim upon which relief can be granted." App. vol. 2, 313 (emphasis added). Therefore, contrary to the Lincoln defendants' arguments, the district court did not transfer the Kanye 2020 claims in clear violation of § 1631.

The Lincoln defendants next propose reviewing the transfer pursuant to the All Writs Act. *See* 28 U.S.C. § 1651(a). "The writ of mandamus issues only in exceptional circumstances to correct 'a clear abuse of discretion, an abdication of the judicial function, or the usurpation of judicial power.'" *Boughton*, 10 F.3d at 751 (quoting *Paramount Film Distrib. Corp. v. Civic Ctr. Theatre, Inc.*, 333 F.2d 358, 361 (10th Cir. 1964)). For a writ to issue, a party must show there are "'no other adequate means to attain the relief,'" the "'right to issuance of the writ is clear and

indisputable,'" and "the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (cleaned up) (quoting *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976)). The Lincoln defendants fail to make that exceptional showing—as already explained, the parties can obtain review of the transfer by seeking to retransfer in Arizona and then appealing any denial, and there is no clear error in the transfer order under either *Shrader* or § 1631. *Cf. Hustler Mag., Inc. v. U.S. Dist. Ct. for Dist. of Wyo.*, 790 F.2d 69, 70–71 (10th Cir. 1986) (granting mandamus relief where district court refused to even consider defendant's motion to transfer for party and witness convenience under 28 U.S.C. § 1404(a)). Moreover, the Lincoln defendants overlook that no party has filed a petition for a writ of mandamus. *See* Fed. R. App. P. 21(a)(1) (requiring party seeking writ to file petition with circuit clerk).

Having rejected both SeedX's and the Lincoln defendants' arguments in favor of jurisdiction over the nonfinal transfer order, we conclude that we lack jurisdiction to consider that portion of the appeal.

That leaves (1) SeedX's appeal of the district court's dismissal of its claims against Kanye 2020 for failure to state a claim and (2) Kanye 2020's cross-appeal of the district court's refusal to dismiss such claims with prejudice. We agree with SeedX and Kanye 2020 that we have jurisdiction to review the district court's order dismissing SeedX's breach-of-contract claims against Kanye 2020, even though the dismissal was without prejudice. *See Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001) ("Although a dismissal without prejudice is usually not a final

decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable."). We likewise have jurisdiction over the district court's order denying Kanye 2020's timely reconsideration motion. *See First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 994–95 (10th Cir. 2000) (explaining that order denying reconsideration is "final" for jurisdictional purposes when it ends the litigation).

## II.     Merits

We first consider SeedX's appeal of the dismissal of its claims against Kanye 2020 for failure to state a claim. We then turn to Kanye 2020's cross-appeal of the district court's refusal to dismiss such claims with prejudice.

### A.     SeedX's Appeal

We review a dismissal for failure to state a claim de novo. *See N. Arapaho Tribe*, 61 F.4th at 813. We "take as true 'all well-pleaded facts, as distinguished from conclusory allegations,' view all reasonable inferences in favor of the nonmoving party, and liberally construe the pleadings." *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021) (cleaned up) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002)).

SeedX first maintains that it stated a plausible claim against Kanye 2020 for breach of an oral or implied contract. A valid contract requires an offer, acceptance, and consideration. *Kindred Healthcare Operating, Inc. v. Boyd*, 403 P.3d 1014, 1024–25 (Wyo. 2017). "Whether a contract has been entered into depends on the intent of the parties and is a question of fact." *Mantle v. N. Star Energy & Constr.*

*LLC*, 437 P.3d 758, 782 (Wyo. 2019) (quoting *Hunter v. Reece*, 253 P.3d 497, 500 (Wyo. 2011)).

In the absence of a written agreement, as here, Wyoming recognizes oral and implied contracts. "For an oral contract to exist, its essential terms must be defined with certainty." *Davidson-Eaton v. Iversen*, 519 P.3d 626, 640 (Wyo. 2022); *see also id.* ("Courts do not have the power to supply the terms of an agreement, so an oral agreement is unenforceable unless the contract terms are 'so certain that the court can require the specific thing agreed upon to be done.'" (quoting *Fowler v. Fowler*, 933 P.2d 502, 504 (Wyo. 1997))). And an implied contract "may be created by the parties' conduct, 'but the conduct from which that inference is drawn must be sufficient to support the conclusion that the parties expressed a mutual manifestation of an intent to enter into an agreement.'" *Shaw v. Smith*, 964 P.2d 428, 435–36 (Wyo. 1998) (cleaned up) (quoting *Lavoie v. Safecare Health Serv., Inc.*, 840 P.2d 239, 248 (Wyo. 1992)).

Here, as the district court recognized, the complaint fails to allege the existence of either an oral or an implied contract between SeedX and Kanye 2020 because it details almost no communications between the two parties. The complaint alleges that SeedX performed work for the Lincoln defendants for approximately two months without engaging in any communication with Kanye 2020. It additionally alleges that after the October 7, 2020 launch of the campaign website, SeedX engaged in several direct contacts with Kanye West's personal assistant, West participated in a call with SeedX to request edits to a campaign video on the site, and

13

West then followed up with several text messages. Finally, the complaint alleges that SeedX sent financial information to a Kanye 2020 attorney who was preparing reports for the Federal Election Commission. Because these contacts involved no discussion of terms, much less "essential" ones, SeedX fails to plausibly plead the creation of an oral contract. *Davidson-Eaton*, 519 P.3d at 640. Nor can we infer the "mutual manifestation of an intent to enter into an agreement" required for an implied contract.[6] *Shaw*, 964 P.2d at 435–36 (quoting *Lavoie*, 840 P.2d at 248). Because SeedX fails to plausibly allege the existence of a contract, it fails to state a claim for breach of any contract.

Next, SeedX contends that it stated a plausible claim against Kanye 2020 for unjust enrichment. To state a claim for unjust enrichment in Wyoming, a party must allege that "valuable services were rendered . . . to the party to be charged" and that those "services were accepted, used[,] and enjoyed by the charged party . . . under circumstances that reasonably notified the party being charged that the other party would expect payment for the services." *Davidson-Eaton*, 519 P.3d at 641 (quoting

[6] The complaint also states that the Lincoln defendants acted "as agents, either ostensible or actual, of the Kanye 2020 presidential campaign." App. vol. 1, 9–10. But this conclusory statement is not supported by factual allegations that would support an agency theory; the complaint fails to plausibly allege that the Lincoln defendants and Kanye 2020 "agree[d] that [the Lincoln defendants] shall act on behalf of and subject to the control of [Kanye 2020]." *Redco Constr. Co. v. Profile Props., LLC*, 271 P.3d 408, 418–19 (Wyo. 2012) (quoting *Maverick Motorsports Grp., LLC v. Wyo. Dep't of Revenue*, 253 P.3d 125, 133 (Wyo. 2011)). Moreover, SeedX has waived any agency theory on appeal by similarly referring to the Lincoln defendants as "alleged agent[s]" of Kanye 2020 but providing no underlying factual support or legal argument. SeedX Br. 15. We therefore decline to consider it further. *See San Juan Citizens All. v. Stiles*, 654 F.3d 1038, 1056 (10th Cir. 2011).

*Symons v. Heaton*, 316 P.3d 1171, 1176 (Wyo. 2014)).

Here, we agree with the district court that the complaint fails to plausibly allege that Kanye 2020 was "reasonably notified" that SeedX would expect payment for its work. *Id.* (quoting *Symons*, 316 P.3d at 1176). The complaint doesn't allege that SeedX ever told Kanye 2020 that it expected payment, that SeedX ever sent Kanye 2020 a bill, or that SeedX ever identified itself as separate from the Lincoln defendants. Indeed, the complaint even recognizes that SeedX allowed the Lincoln defendants to take credit for SeedX's work by placing their names on SeedX's campaign pitch deck. Under these circumstances, we agree with the district court's assessment that the allegations in the complaint failed to establish "whether Kanye 2020 even knew that SeedX was a distinct entity from the Lincoln [d]efendants." App. vol, 2, 305. We therefore affirm the district court's dismissal of SeedX's claims against Kanye 2020.

## B.     Kanye 2020's Cross-Appeal

We turn at last to Kanye 2020's cross-appeal of the district court's determination that it lacked jurisdiction to reconsider its "without prejudice" dismissal of SeedX's claims against Kanye 2020. "We review a district court's ruling on a . . . motion for reconsideration for abuse of discretion," including "verifying that the district court's 'discretion was not guided by erroneous legal conclusions.'" *Walker v. BOKF, Nat'l Ass'n*, 30 F.4th 994, 1002 (10th Cir. 2022) (quoting *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1178 (10th Cir. 2011)).

Recall that the district court stated it lacked jurisdiction over Kanye 2020's

15

motion because of the transfer of the claims against the Lincoln defendants. To be sure, once a transfer occurs, "the transferor court loses all jurisdiction over the case, including the power to review the transfer." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516–17 (10th Cir. 1991). But as should be clear from the above discussion, when the district court transferred the claims against the Lincoln defendants, it did *not* transfer the claims against Kanye 2020. Rather, it dismissed those claims without prejudice for failure to state a claim—meaning it retained jurisdiction over the claims against Kanye 2020. So the district court legally erred by denying Kanye 2020's motion for reconsideration based on lack of jurisdiction.

While Kanye 2020 urges us to decide whether dismissal should have been with or without prejudice, we are a "court of review, not of first view." *Childers v. Crow*, 1 F.4th 792, 801 (10th Cir. 2021) (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 719 n.4 (2005)). The district court should conduct that analysis in the first instance. So although we affirm the dismissal of SeedX's claims, we remand for the district court to consider whether the dismissal should be with prejudice.

## Conclusion

We lack jurisdiction to review the district court's transfer order, and the Lincoln defendants fail to make the necessary showing for mandamus review. Further, the district court did not transfer SeedX's claims against Kanye 2020 to Arizona or impermissibly split the action. And although the district court dismissed SeedX's claims against Kanye 2020 for failure to state a claim—a conclusion we

16

affirm—it erred by concluding it lacked jurisdiction over Kanye 2020's motion to reconsider whether that dismissal should be with, rather than without, prejudice. So we remand for the district court to take up that motion.